IN RE BAILEY.

(Filed 15 September, 1920.)

**1. Appeal and Error—Exceptions—Brief—Rule of Court.**

The court will dismiss the appellant's case when she fails to assign error as required by Rules 19, 20, and 21, or fails to file brief by the time required by Rule 34.

**2. Wills—Devisavit Vel Non—Evidence—Declarations—Rebuttal.**

Declarations of testator, who signed by cross mark to his alleged will, that the paper-writing was a forgery, and that he had not signed it, are competent in rebuttal of the evidence introduced in support of its genuineness.

**3. Appeal and Error—Objections and Exceptions—Letters—Contents—Records.**

Where the contents of letters introduced on the trial do not appear on appeal, an exception thereto cannot be sustained on appeal.

**4. Appeal and Error—Devisavit Vel Non—Instructions—Harmless Error.**

Where two paper-writings, each purporting to be a will, are, by consent, passed upon together on the trial of *devisavit vel non,* and neither one sustained, an exception to the charge that if both were properly executed, etc., the later would prevail, becomes immaterial.

**5. Wills—Devisavit Vel Non—Verdict Set Aside—Consent.**

The court will not set aside a verdict in an action *devisavit vel non* at the request of all the parties, for this would present a moot question, which the courts will not consider.

APPEAL by propounders from *Daniels, J.,* at October Term, 1917, of NASH.

*Devisavit vel non.* William Bailey offered a paper-writing purporting to be the last will and testament of Ellen Bailey, dated 26 March, 1914. This was caveated by Cora Wilson, who offered a paper-writing also purporting to be the last will and testament of Ellen Bailey, dated 10 May, 1915. This was caveated by William Bailey. The other heirs at law were made parties. By consent, the following issues were jointly submitted:

"1. Is the paper-writing bearing the date 26 March, 1914, offered by the propounder, William Bailey, the last will and testament of Ellen Bailey?

IN RE BAILEY.

"2. Is the paper-writing bearing the date of 10 May, 1915, pro-pounded by Cora Wilson, the last will and testament of Ellen Bailey?"

The jury responded to each of these issues, "No." Judgment accordingly.

*No counsel for Cora Wilson.*
*Thorne & Thorne and F. S. Spruill for William Bailey.*
*Finch & Vaughan and J. S. Manning for the heirs at law.*

CLARK, C. J. There were no assignments of error filed by Cora Wilson, as required by rules 19 (2) and 21, 174 N. C., 832, 833; *Lee v. Baird,* 146 N. C., 361, and numerous cases since. Also, there was no brief filed for her, in the time required by rule 34, and the motion by appellee to affirm the judgment as to her is allowed.

In the appeal of William Bailey, the first assignment of error is the admission of the declarations to the witness Woodruff by Ellen Bailey that the paper-writing of 26 March, 1914, was a forgery, and she had never signed the same. It purported to be executed by making her mark, and this declaration was competent to rebut the evidence offered by William Bailey in its support. *In re Wellborn,* 165 N. C., 641; *In re Shelton,* 143 N. C., 220; *Reel v. Reel,* 8 N. C., 248.

The second assignment of error that the court allowed Cora Wilson to introduce as evidence sundry letters of Ellen Bailey cannot be sustained, for the record does not disclose the contents of the letters.

The third assignment of error is to the charge that if the jury find that both paper-writings were legally and properly executed by Ellen Bailey; that the paper-writing propounded by Cora Wilson was the last will and testament of Ellen Bailey, because it was of later date than that propounded by William Bailey, has no foundation, because the jury found that both were forgeries.

The fourth assignment of error, that the court refused to set aside the verdict when requested to do so by all parties at that time, cannot be sustained. In *Kenny v. R. R.,* 165 N. C., 104, the Court held that the parties have a right before trial to settle their differences by agreement and compromise, but, after the return of the verdict, the court, in its discretion, may refuse to try the case over again although the parties consent for a new trial, for courts of justice cannot be turned into moot courts.

No error.