J. A. H. EDWARDS ET AL. v. ALBERT WHITE ET AL.

(Filed 22 September, 1920.)

1. Wills — Probate — Common Form— Courts— Judgments— Collateral Attack.

Where a will has been admitted to probate in common form before the clerk of the Superior Court, and no inherent or fatal defects appear upon the face of the proceedings, the judgment may not be collaterally attacked, but only in the court where the judgment was rendered, and in accordance with the statutory provisions enacted for such purpose; and the record and probate of the will is conclusive evidence of its validity until it is vacated on appeal or declared void by a competent tribunal. Rev., 3128, 3129.

2. Same—Presumptions.

Jurisdiction of the court in admitting a will to probate is presumed, and acts or omissions affecting the validity of the proceedings and judgment must be affirmatively shown, and unless the want of jurisdiction, either as to the subject-matter or the parties, appears in some proper form, the jurisdiction and regularity of the proceedings leading up to the judgment will be supported by every intendment.

APPEAL from *Devin, J.,* at the March Term, 1920, of HALIFAX.

Action to set aside a will alleged to be a forgery or fraudulently offered for probate as the will of Bettie V. Johnson. The alleged will, dated 1 June, 1906, was duly probated in common form on 17 May, 1907. The plaintiffs seek to set aside the will and probate, on the ground that the paper-writing is not the will of Mrs. Johnson, and to have an ac-

counting and settlement with J. Albert Johnson, the person named in the paper as her executor, concerning the money and other property which came into his possession as such executor.

The court held that this action is not maintainable, the probate of the will appearing by the record of it to be regular and formal in every particular, and thereupon dismissed the suit, taxing the plaintiffs with the costs, and they appealed.

*Thorne & Thorne, R. B. Blackburn, George Green, and John L. Bridgers for plaintiffs.*

*Stuart Smith, A. P. Kitchin, E. L. Travis, and W. E. Daniel for defendants.*

WALKER, J., after stating the case: The correctness of Judge Devin's ruling is so amply sustained by several recent decisions of this Court, where the question in the case was so exhaustively discussed, that it would be nothing more than supererogation to go over the same ground again. It was held there that where a probate has no inherent or fatal defect appearing upon its face, the judgment of the court having full jurisdiction of the matter, cannot be indirectly or collaterally attacked, but the assault upon it must be made in the court where the judgment admitting the will to probate was rendered, and in accordance with the statutory provisions enacted for such purpose.

The recent decision in *Starnes v. Thompson,* 173 N. C., 467 (approved in the case of *In re Thompson,* 178 N. C., 540), discusses the subject so fully as to require but few additional observations at this time.

As jurisdiction is presumed, at least *prima facie,* any acts or omissions affecting the validity of the proceedings and judgment must be affirmatively shown, and unless the want of jurisdiction, either as to the subject-matter or the parties, appears in some proper form, the jurisdiction and regularity of the proceedings leading up to the judgment will be supported by every intendment. 11 Cyc., 692, 693.

The rules as to the presumption in favor of the courts of general jurisdiction apply to courts of probate and those with like powers, where they are courts of general jurisdiction or possess the attributes thereof, even though they have not exclusive jurisdiction, or have a limited but not a special jurisdiction or their powers are limited to certain specified subjects. 11 Cyc., 694.

It is further to be remarked that although a court may be an inferior or limited tribunal, yet if it has general jurisdiction of any one subject, its proceedings and judgments in respect to that subject will be sustained by the same liberal presumptions as to the jurisdiction which obtain in the case of the Superior Courts. Black on Judgments (2 ed.), vol. 2, sec. 283.

Our statute makes the record and probate of a will, even in common form, conclusive as evidence of the validity of the will, until it is vacated on appeal or declared void by a competent tribunal.    Rev., 3128, 3129.

It is well settled that a judgment or decree admitting a will to probate, when made by a court having jurisdiction thereof, may be attacked only in such direct proceedings as are authorized by statute, and that it is not open to attack or impeachment in a collateral proceeding.    More specifically, it is not permissible to collaterally attack such a judgment or decree on the ground that certain errors and irregularities exist, which, if shown really to exist, would, at the most, make the judgment only voidable, such as an alleged fact that the persons interested were not all duly cited or given notice or made parties; that the probate was granted on insufficient proof, as where it was granted on production of a copy instead of an original will; that the execution of the will was defective and insufficient; that the order admitting the will to probate does not use the exact language of the statute; that there was no formal entry of the judgment; that the decree contained a translation of the will into English, or that the jury were erroneously instructed, and returned a verdict contrary to the evidence; but when irregularities of this nature are alleged in a collateral proceeding, the court will indulge in liberal and conclusive presumptions in favor of the sufficiency of the record and proceedings, such as a presumption that proper and sufficient notice was given; that the petition for probate was properly filed; that orders continuing the hearing were regularly made; that the execution, attestation, and proof of the will were sufficient; that the testator possessed testamentary capacity, and that the instrument probated is sufficient to pass such property as it purports to pass.    It is even held that fraud is not a ground of collateral attack, as the identity, validity, and sufficiency of the instrument propounded as the last testamentary act of the deceased is the very question determined; and while a judgment or decree relating to the probate of a will is open to collateral impeachment, when it has been rendered by a court which was wholly without jurisdiction, the determination, by the officer or court probating the will, that the requisite jurisdictional facts, such as the residence of the testator at the time of his death, or the situation of his property within the county, exist, is conclusive and not open to collateral attack. 40 Cyc., 1377 and 1378.

An order or decree of a surrogate, or probate, or orphan's court, jurisdiction having attached, is not examinable in any collateral proceeding.    In fact, the orders and judgments of probate courts concerning matters over which they have jurisdiction are no more open to collateral attack than are the orders and judgment of other courts of general jurisdiction; they must have accorded to them the same intendments

and favorable presumption which attend the judgments of courts of general common-law jurisdiction. This rule applies to an order admitting a will to probate. 1 Black on Judgments (2 ed.), sec. 250.

. This Court held, in *Fann v. R. R.,* 155 N. C., 136, that, in this day and time, and under our present system, it seems to be generally conceded that the decrees of probate courts, when acting within the scope of their powers, should be considered and dealt with as orders and decrees of courts of general jurisdiction, and where jurisdiction over the subject-matter of inquiry has been properly acquired, that these orders and decrees are not as a rule subject to collateral attack. And to the same general effect was *McClure v. Spivey,* 123 N. C., 678, where the Court said that probate of a will by the clerk of the Superior Court is a judicial act, and his certificate is conclusive evidence of the validity of the will until vacated on appeal or declared void by a competent tribunal in a proceeding instituted for that purpose. It cannot be vacated in a collateral manner, citing *Mayo v. Jones,* 78 N. C., 402. Stronger language, if possible, was used in the more recent case of *Powell v. Watkins.* 172 N. C., 244, where it was said that, "The proceeding for the probate of a will is not regarded as an adversary suit *inter partes,* but is a proceeding *in rem,* in which the jurisdiction of the court, in the exercise of probate powers, is exclusive, and an adjudication of probate may not be assailed or questioned in any collateral or independent proceedings." This has been approved in numerous cases. *Collins v. Collins,* 125 N. C., 98; *McClure v. Spivey,* 123 N. C., 678; *Varner v. Johnson,* 112 N. C., 570; *McCormick v. Jernigan,* 110 N. C., 406; *Hutson v. Sawyer,* 104 N. C., 1. The Court ruled, in *Batchelor v. Overton,* 158 N. C., 397, the opinion being delivered by *Justice Hoke,* that notwithstanding the requirements of the statute, it is very generally held that when a clerk of our Superior Court in the exercise of the probate powers conferred by statute, has general jurisdiction of the subject-matter of inquiry, as indicated in chapter 1, sec. 16, Revisal, and on application made has entered a decree appointing an executor or administrator, and letters are accordingly issued, such decree is controlling and may not be successfully attacked or in any way questioned but by direct proceedings instituted for the purpose. *Chief Justice Smith,* in *London v. R. R.,* 88 N. C., 584, a case on this question which is generally cited and approved, states the rule to be well settled that the judgment of the probate court, in which is vested exclusive jurisdiction to pass on wills of personalty (and in this State by statute of realty also) and to grant letters testamentary or of administration, is conclusive of the right determined, and is not exposed to impeachment collaterally in another court where the effect of the action is to be considered. A probate in common form, unrevoked, is conclusive in courts of law and equity as to the appointment

of an executor and the validity and contents of a will; and it is not allowable in an action to show that another was appointed executor. This is the principle announced in the elementary books. Williams on Exrs., 339; Toller, 76. The English law is the same, for *Justice Buller,* a judge of great renown, so announced for the judges, who were of the opinion, that the probate of a will is conclusive until it be repealed, and no court of common law can admit evidence to impeach it. See *London v. R. R.,* 88 N. C., 584.

The above principles are sustained by what was decided in *Sumner v. Staton,* 151 N. C., 198, and are fully in harmony therewith.

Our statute makes the record and probate of a will, even in common form, conclusive as evidence of the validity of the will, until it is vacated on appeal or declared void by a competent tribunal.

The Court, in dismissing the case for lack of jurisdiction and also because no cause of action cognizable by it was stated in the complaint, decided correctly and its ruling is sustained.

This renders the question of the statute of limitations of no special importance, and we forbear a discussion of it.

Affirmed.