IN RE R. E. LITTLE'S WILL.

(Filed 20 February, 1924.)

1. **Wills—Caveat—Issues—Procedure—Statutes.**

   Where a caveat to a will is duly filed, with the required bond, etc., at the same time the paper-writing is offered for probate, it is required of the clerk to transfer the proceedings to the civil-issue docket for the trial of the issue of *devisavit vel non,* and all further steps are stayed in the matter until its final adjudication, except such as may be necessary for the preservation of the estate. C. S., 4158, 4159, 4161, 24.

2. **Same—Collector.**

   Where a caveat to a will is duly filed and further proceedings stayed, it is discretionary with the clerk to appoint as collector for the preservation of the estate the one named in the paper-writing as executor, or some other to act as collector for that purpose. C. S., 24.

**3. Same—Limitation of Actions.**

> The effect of the amendment of 1907 was to limit the time in which a caveat to a will may be filed, and does not affect the time within that period when the same may be done, or the further proceedings under the statute applicable. C. S., 4158.

Application for probate of will in common form, heard on appeal from the clerk of Superior Court of Anson County on 8 August, 1923, before his Honor *Stack, J.*, of the Thirteenth Judicial District.

From a perusal of the record it appears that on 3 August, 1923, propounder offered for probate a paper-writing purporting to be the last will and testament of R. E. Little, deceased, duly witnessed, and designating, by codicil thereto, the Bank of Wadesboro, N. C., as executor; and also offered prepared proof by the said witnesses of the due execution of the will and codicil thereto. At that very moment a caveat was presented and bond tendered, by persons duly interested, challenging the validity of said alleged will, moved the clerk to hold up all further proceedings except the appointment of collector to collect and preserve the estate. The executor named moved that before transferring the cause to the civil issue docket for trial on an issue of *devisavit vel non,* the clerk proceed to admit the will to probate in common form. The motion was denied by the clerk, and on appeal the court affirmed the judgment of the clerk; directed that said clerk transfer cause to civil issue docket for trial, and in meantime issue letters collection to some discreet person for the collection and preservation of the property of deceased. Propounder thereupon excepted and appealed to this Court.

*McLendon & Covington and Caudle & Pruette attorneys for propounder.*

*E. T. Cansler, Jno. C. Sikes, and Parker, Stewart, McRae and Bobbitt attorneys for caveators.*

Hoke, J. The legislation more directly pertinent to the question presented appears in sections 4158, 4159, 4161 and section 24 *et seq.*, in chapter 1 of the Consolidated Statutes. In section 4158 it is enacted, in part, "That at the time of the application for probate of any will, and the probate thereof in common form, or at any time within seven years thereafter, any person entitled under such will, or interested in the estate, may appear in person or by attorney before the clerk of the Superior Court and enter a caveat to the probate of such will," etc. Section 4159 provides in effect that upon the caveator giving bond or making deposit to secure costs, etc., or on being allowed on affidavits to proceed without bond, etc., the clerk shall transfer the cause to the

civil issue docket for trial, and citation shall issue to parties interested, etc. Section 4161 is to the effect that where a caveat is entered and bond given, the clerk shall forthwith issue an order to the personal representative having the estate in charge to suspend all further proceedings in relation to the estate, except the preservation of the property and collection of debts. Section 24 and following sections provide for appointment of some discreet person under letters of collection, authorizing him to preserve the estate, etc., whenever a delay is necessarily produced in the admitting the will to probate, granting letters of administration or letters with the will annexed, etc.

From a proper consideration of these and other apposite sections of the law it is, in our opinion, clearly contemplated that a caveat to the probate of the will may be entered at the time of the application, the time of the probate, or at any other time thereafter within seven years, with certain additional provisions in favor of persons under disability, and that on such caveat entered and bond filed, etc., the cause is transferred to the civil issue docket for trial, and any and all other proceedings cease except those looking to the preservation of the estate, etc., the collection of debts, etc. That if said caveat is entered after probate and letters issued, such letters are not thereby necessarily recalled. But the representative already qualified will continue in charge and do what is necessarily required to preserve the estate unless, on motion made and proof offered, these letters should be recalled, when this course is required for the proper protection of the estate. And if the caveat is entered and bond given before probate of will, the question is transferred to the civil issue docket of Superior Court, and a collector is appointed as was done in this instance. There is no reason, as suggested in the judgment of the Superior Court, why the executor designated in the will should not be appointed collector, but the matter is referred to the sound discretion of the clerk and with a view to the best interest of the estate. This section 4158, as it now appears in Consolidated Statutes, expresses the law as affected by the amendment of 1907, chapter 862; prior to that time the provisions were as follows: "At the time of the application of the probate of any will, or at any other time thereafter as provided by law, any person interested, etc., may in person or by attorney enter a caveat." Rev., 3135; Code, ch. 83, sec. 2158. And in construing the law as it formerly stood, decided intimation is given that on caveat properly entered before probate all further proceedings should cease until the issue was determined except the ordinary steps required for the preservation of the estate. *In re Palmer's Will*, 117 N. C., 134. And under legislation substantially similar, it has been directly held that where a caveat is entered before probate, no probate should be had until the question is determined. *Jones v. Mose-*

*ley,* 40 Miss., 261; 28 R. C. L., 395. In the last citation it is said:. "When objections are filed as soon as the paper is propounded, the will should not be probated until disposition of the objections has been made." Prior to the amendment of 1907 there had been no statute of limitation to the entrance of a caveat, and a consideration of the amendment, both in the original and as now expressed in the Consolidated Statutes, will show, we think, that its sole purpose was to provide for a statute of limitations and to fix the definite time from which the statutes should run, and there was no purpose to otherwise modify the original statute as to the time when a caveat may be offered, or the effect of it when properly plead and bond given; or, as stated, the caveator has been allowed to proceed without bond. A delay having been thus caused in the probate of the will and issuing of letters of administration, we think his Honor and the clerk have correctly ruled that letters of collection be issued for the care and preservation of the estate under section 24 of Consolidated Statutes as above set out.

The judgment and orders thus far made in the cause are approved.

Affirmed.