LEWIS HENRY MILLS ET AL. v. L. F. MILLS.

(Filed 9 May, 1928.)

1. **Wills—Caveat—Parties Without Notice Not Estopped from Filing Second Caveat to Will.**

The heirs at law of a deceased testator whose will is duly probated and who have no knowledge of proceedings to caveat the will, and who were not cited under the provisions of C. S., 4159, are not estopped to file a second caveat to the paper-writing, nor bound by the former judgment therein sustaining the validity of the paper-writing propounded.

2. **Partition—Action for Partition—Effect of Order for Partition and Rights of Purchaser Thereunder.**

While the heirs at law of a deceased person may not be estopped under certain circumstances by a former proceeding from again filing a caveat to

MILLS *v.* MILLS.

a will, the purchaser at the partition sale of the lands devised, made under order of the court, and obtaining a deed, is a purchaser for value without notice, and the deed made to him gives him title to the lands.

**3. Wills—Probate—Will Probated in Common Form Not Subject to Collateral Attack.**

A will probated in common form is not subject to collateral attack, but is binding or conclusive until set aside in a direct proceeding. C. S., 4145.

CIVIL ACTION upon an agreed statement of facts, before *Grady, J.*, 9 February, 1928, of PITT.

The judgment contains the essential facts and is as follows:

"This cause coming on to be heard before his Honor, Henry A. Grady, judge holding the courts of the Fifth Judicial District, at chambers in Clinton, North Carolina, and being heard on the statement of agreed facts filed in this cause, and it appearing from the facts agreed that Anne Elizabeth Mills died testate in the year 1924, and by her last will and testament devised her land to the children of her three brothers, and that a caveat to said will was filed after said will had been duly proven and probated in common form and that citation notice of the filing of said caveat was issued to the three executors of said will, who were legatees thereunder, and that said caveat was filed about one year after the probate of said will in common form and that the caveat to said will came on for trial at March Civil Term, 1927, Pitt Superior Court, and was tried before his Honor, E. H. Cranmer, judge presiding, and a jury, and the following issue having been submitted to the jury, to wit:

"Is the paper-writing propounded and every part thereof, the last will and testament of Anne Elizabeth Mills?" And the jury having answered the issue "Yes," and that judgment at said term of said court was signed by Judge Cranmer adjudging and decreeing that the paper-writing propounded for probate in solemn form and every part thereof is the last will and testament of Anne Elizabeth Mills.

And it further appearing to the court that the legatees in said will on 3 September, 1927, filed a special proceeding in the Superior Court of Pitt County, asking for the sale of said lands for the purpose of making partition among the legatees in said will, and that a decree was made in said special proceedings appointing F. C. Harding, commissioner of the court, and ordering a sale of said lands, and that the said F. C. Harding, as commissioner in said cause after due and lawful advertising of said land for public sale, sold said land at public sale before the courthouse door in Greenville, to the highest bidder for cash, on 27 October, 1927, and that L. F. Mills became the last and highest bidder at said sale for said lands for $9,975.00, that said sale was duly reported to the court and confirmed and said commissioner was authorized and directed by a

decree in said special proceeding to execute a deed of conveyance to L. F. Mills, the purchaser, upon the payment by him of his bid for said land.

It further appearing to the court that L. F. Mills has refused to accept said deed of conveyance and pay the purchase price bid by him for said land at said sale for the reason that some of the relatives of Anne Elizabeth Mills other than the legatees named in the will of Anne Elizabeth Mills who were not served with notice or citation of the filing of the caveat referred to claim an interest in said lands.

Upon all of the facts set out herein and in the statement of facts agreed filed in this cause it is ordered, adjudged and decreed that the judgment rendered in the proceeding of the caveat above referred to by Judge Cranmer at March Term, 1927, of Pitt Superior Court based on the finding of the jury in their answer to the issue hereinbefore set out vests a good and indefeasible title in fee simple in the legatees referred to in the devise of the lands of Anne Elizabeth Mills in her last will and testament, and that the relatives of the said Anne Elizabeth Mills, other than those to whom she devised her lands in said will are estopped from claiming any interest in said land, and it is further ordered and decreed that the conveyance by F. C. Harding, commissioner, of the lands referred to in said will, to L. F. Mills, the purchaser at the sale of said lands, made by said commissioner, will convey to the said L. F. Mills a good and indefeasible title in fee simple to the lands referred to in the last will and testament of Anne Elizabeth Mills."

From the foregoing judgment the defendant appealed.

*R. B. Lee for plaintiffs.*
*Sam I. Carson and F. C. Harding for defendant.*

BROGDEN, J. Are the heirs at law of a testatrix, uncited in accordance with C. S., 4159, and not otherwise cognizant of a caveat in which the will is upheld by the verdict of a jury, estopped to file a second caveat to the will within the statutory period, as against an innocent purchaser for value?

It appears from the judgment and the agreed statement of facts that the will of testatrix was probated in common form in January, 1924. The distinction between probate in common and solemn form is clearly expressed by *Ruffin, C. J.,* in *Redmond v. Collins,* 15 N. C., 430: "To enable the propounder to bind others a decree is taken out by him authorizing him to summon all persons, 'to see proceedings,' not to become parties, but to witness what is going on, and take sides if they think proper. If the propounder does not choose to adopt that course, he may at once take his decree; which in relation to this subject is called proving

the will in common form. If he take out a decree and summon those in interest against him, 'to see proceedings' they are concluded, whether they appear and put in an allegation against the will or not, and as against those summoned this is called probate in solemn form."

Again *In re Will of Chisman,* 175 N. C., 420, the Court held: "The probate of a will in common form is an *ex parte* proceeding, and no one interested is before the clerk except the propounders and witnesses. When an issue of *devisavit vel non* is raised by caveat, it is tried in the Superior Court in term by a jury. Upon such trial the propounder carries the burden of proof to establish the formal execution of the will. This he must do by proving the will *per testes* in solemn form."

Under all the authorities a probate in common form is not subject to collateral attack, but is binding and conclusive until set aside by a direct proceeding. C. S., 4145.

Until the enactment of C. S., 4158, there was no statute of limitations in this State prescribing the time within which a caveat could be filed.

The caveat in the case at bar was duly filed to the will of testatrix by a relative. It does not appear from the agreed statement of facts who this relative was. However, when the caveat was filed it appeared that citation was issued to the three executors of the will, who are also legatees thereunder, and that no citation or notice whatsoever was given to the heirs at law of the testatrix. C. S., 4159, requires that citation shall issue to all devisees, legatees, "or other persons in interest within the State" and publication shall be made "for nonresidents." The provisions of this statute were not complied with. The plaintiffs, however, insist that the heirs at law of testatrix are estopped by the verdict of the jury and the judgment thereon establishing the validity of the will. In *Redmond v. Collins, supra,* it is declared: "But as every judicatory having any pretentions to administer a code of law so as to make it practically a just system, having respect to the rights of persons in the thing, these tribunals do not hold those bound by the sentence who had notice of the pendency of the proceedings on which it was pronounced." To the same effect is the declaration of *Pearson, J.,* in *Ethridge v. Corprew,* 48 N. C., 14: "As a matter of common justice, no one should be deprived of his rights without an opportunity of being heard. Hence, no order, sentence or decree, made *ex parte,* is conclusive; and all persons affected by it are entitled, 'of common right,' to have it set aside."

These principles are recognized *In re Beauchamp,* 146 N. C., 254, in the following language: "While the next of kin and heirs at law have the right to require probate in solemn form, this right may be forfeited, either by acquiescence or unreasonable delay after notice of the probate." *In re Will of Witherington,* 186 N. C., 152.

Under the authorities the next of kin may be barred: (1) By failure to assert their rights upon knowledge of the suit contesting the will, irrespective of whether they were cited or summoned to see proceedings. *Redmond v. Collins,* 15 N. C., 430; *In re Dupree's Will,* 163 N. C., 256; *In re Bateman's Will,* 168 N. C., 234.

(2) By being made a party to an action to construe a will and allot dower to a widow upon her dissent. *In re Will of Lloyd,* 161 N. C., 557.

(3) By statute of limitations, C. S., 4158.

(4) By citation duly issued and served. C. S., 4159.

It is obvious from the judgment and agreed statement of facts that the heirs at law of testatrix under the authorities were not made parties to the caveat proceedings by citation, nor does it appear that they were cognizant of the proceedings or charged with knowledge that the devisees in the will had taken possession of the property thereunder. Under these circumstances they are not estopped to file a second caveat. However, the filing of a second caveat cannot affect the rights of the defendant. The probate in common form is binding and conclusive until set aside by a direct proceeding. The caveat was not sustained. Hence the probate in common form is effective and the purchaser has the right to rely upon it. Therefore the purchaser is an innocent purchaser for value and the deed tendered will convey a good and indefeasible title to the property.

Affirmed.