## IN RE WILL OF H. L. ROWLAND.

(Filed 16 March, 1932.)

1. **Wills D a—Probate in common form is ex parte proceeding and probate is conclusive until declared invalid in caveat proceedings.**

   Citation to those in interest is not necessary to the probate of a will in common form, the proceeding being *ex parte*, C. S., 4139 *et seq.*, and when probated the paper-writing is valid and operative as a will and may not be attacked collaterally, but any person interested in the estate or entitled under the will may institute caveat proceedings to declare the paper-writing invalid, C. S., 4158 *et seq.*, and where a paper-writing is offered for probate and is sufficient in form to constitute a will it is error for the clerk to refuse to admit it to probate on that ground.

2. **Wills C d—Paper-writing in this case held sufficient in form to constitute a holographic will.**

   A paper-writing in the testator's handwriting, dispositive on its face, with the name of the testator inserted therein in his own handwriting followed by the words "this being my will" is sufficient in form to constitute a holographic will, C. S., 4131.

APPEAL by propounders from *Small, J.*, at November Term, 1931, of FRANKLIN.

Proceedings to probate a paper-writing or script as the holographic will of H. L. Rowland, deceased.

The paper-writing offered for probate is without subscribing witnesses but it is in the handwriting of the deceased, and contains the following dispositive expressions:

"I do hrby give W A Rowlal on the North west forner oo sad land of H L Rowled this being my will . . . I do give to Fannie C. Rowlad the home place (describing it) . . . I do Will J S Rowlad the place he lives" (describing it).

The clerk declined to admit said paper-writing to probate as the last will and testament of H. L. Rowland, deceased, and this ruling was affirmed on appeal to the Superior Court on the ground that "after an examination of the said paper-writing and the proof offered and after hearing argument of counsel for both the propounders and the caveators or objectors to the probate of said will, being of the opinion that the said paper-writing offered for probate was not executed in accordance with the laws of North Carolina and is not otherwise sufficient in form to constitute and be the last will and testament of H. L. Rowland."

Propounders appeal, assigning errors.

*Yarborough & Yarborough for propounders.*
*Thos. H. Ruffin and White & Malone for caveators.*

Stacy, C. J.. The paper-writing in question was offered for probate in common form without citation to those in interest "to see proceedings." *Redmond v. Collins,* 15 N. C., 430, 27 Am. Dec., 208, and note. This is permissible under our practice, C. S., 4139 *et seq.,* and when thus probated in common form, even though the proceedings be *ex parte,* such record and probate is made conclusive as evidence of the validity of the will, until it is vacated on appeal or declared void by a competent tribunal, C. S., 4145, and it is not thereafter subject to collateral attack. *Mills v. Mills,* 195 N. C., 595, 143 S. E., 130; *Edwards v. White,* 180 N. C., 55, 103 S. E., 901; *Starnes v. Thompson,* 173 N. C., 466, 92 S. E., 259; *Moore v. Moore,* 198 N. C., 510.

It is further provided by statute, C. S., 4158 *et seq.,* that at the time of the application for probate of any will, and the probate thereof in common form, or at any time within seven years thereafter, with certain additional features in favor of persons under disability, any person entitled under such will, or interested in the estate, may appear in person or by attorney before the clerk of the Superior Court and enter a caveat to the probate of such will. *In re Little,* 187 N. C., 177, 121 S. E., 453. It is immaterial whether those appearing and protesting

call themselves interveners, objectors, or caveators. *Collins v. Collins,* 125 N. C., 98, 34 S. E., 195; *Randolph v. Hughes,* 89 N. C., 428; *Edwards v. Edwards,* 25 N. C., 82; *Redmond v. Collins, supra; Dickenson v. Stewart,* 5 N. C., 99. If in reality they are opposed to the probate of the will, they thereby place themselves in opposition to the propounders, and are entitled to the benefit of the statutes dealing with caveats. *In re Little, supra; Mills v. Mills, supra.*

Speaking to the subject in *In re Will of Chisman,* 175 N. C., 420, 95 S. E., 769, *Brown, J.,* delivering the opinion of the Court, said: "The probate of a will in common form is an *ex parte* proceeding, and no one interested is before the clerk except the propounders and witnesses. When an issue of *devisavit vel non* is raised by caveat, it is tried in the Superior Court in term by a jury. Upon such trial the propounder carries the burden of proof to establish the formal execution of the will. This he must do by proving the will *per testes* in solemn form."

Whether the paper-writing in question is the valid will of H. L. Rowland, deceased, we express no opinion, but there was error in holding, as a matter of law, that it is not sufficient in form to constitute a will. *In re Johnson,* 181 N. C., 303, 106 S. E., 841; *Alexander v. Johnston,* 171 N. C., 468, 88 S. E., 785. It is dispositive on its face, and the name of the alleged testator is inserted therein, in his own handwriting, followed by the words: "this being my will." C. S., 4131; *In re Westfeldt,* 188 N. C., 702, 125 S. E., 531; *In re Harrison,* 183 N. C., 457, 111 S. E., 867; *In re Bennett,* 180 N. C., 5, 103 S. E., 917.

Let the cause be remanded for further proceedings, not inconsistent herewith, and according to the usual course and practice in such cases.