LOUISE THOMPSON CROWELL v. W. L. BRADSHER, ADMINISTRATOR C. T. A. OF THE ESTATE OF NANNIE E. MORTON, AND UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE, MARYLAND.

(Filed 9 November, 1932.)

**Wills D a—Probate of will in common form is conclusive until it is vacated on appeal or held void by competent tribunal.**

Where a will has been duly probated in common form its validity may not be collaterally attacked even for fraud, and where after the probate of the will a legatee therein brings action against the administrator *c. t. a.* to recover the balance due on the legacy, the administrator may not set up the defense that the bequest to the legatee had been altered after the execution of the will by changing the numbers and figures denominating the bequest to twice the original amount, and that such change was not in the handwriting of the testatrix, and judgment granting plaintiff's motion to strike out allegations in the answer setting up such defense and ordering a reference will be affirmed on appeal. C. S., 4145.

APPEAL by defendant administrator from *Midyette, J.,* at April-May Term, 1932, of PERSON. Affirmed.

*Fuller, Reade and Fuller and B. I. Satterfield for appellant.*
*O. B. Crowell for appellee.*

ADAMS, J. On 23 August, 1928, Nannie E. Morton duly executed her last will and testament, which after her death in the month of May, 1929, was regularly admitted to probate in common form in Person County. The testatrix appointed two executors who qualified as such on 17 June, 1929. In consequence of their death the defendant Bradsher qualified as administrator *cum testamento annexo* on 23 November, 1929, and executed a bond in the penal sum of $20,000 with the United States Fidelity and Guaranty Company as his surety.

The testatrix bequeathed to the plaintiff $2,000 as a pecuniary legacy, on which the defendant administrator has made a payment of one thousand dollars. The defendants admit that the plaintiff before instituting her action demanded payment of the remaining half of her legacy and that they refused to comply with her demand.

The ground of defense is set forth in the administrator's further answer to the complaint. He alleges that after the will had been executed and witnessed a change was made in the bequest to the plaintiff by substituting two thousand dollars for one thousand; that the word "one" before the word "thousand" was changed to "two"; that the figure "1" immediately after the dollar mark was made to read "2"; and that the changes were not in the handwriting of the testatrix, but of some other person. It is contended that the change amounted to a cancellation of the bequest, that the plaintiff is not entitled to any sum, and that the administrator is entitled to recover of the plaintiff the sum previously paid her.

The plaintiff made a formal motion to strike these allegations from the answer. The court granted the motion, adjudging that the administrator should not be permitted collaterally to attack the will after it had been duly probated without caveat, objection, or exception, that the pretended attack does not constitute a legal defense to the plaintiff's action, and that the alleged defense and counterclaim should be stricken from the answer. Thereupon the court ordered a compulsory reference.

The judgment of the Superior Court must be affirmed. The probate of a will in the manner provided by law is declared by statute to be conclusive in evidence of the validity of the will until it is vacated on appeal or held void by a competent tribunal. C. S., 4145. It was formerly provided that the probate of a will devising real estate should be

conclusive as to the execution thereof, against the heirs and devisees of the testator, whenever the probate thereof, under the like circumstances, would be conclusive against the next of kin and legatees of the testator. R. S., chap. 122, sec. 9; Revised Code, chap. 119, sec. 20.

The statute in its present form appears in the Code of Civil Procedure, sec. 438, which went into effect 24 August, 1868. *Ragland v. Currin,* 64 N. C., 355.

It was held as early as 1799 that when a will had been admitted to probate and registration by a court possessing competent authority all circumstances necessary to its validity must be presumed to have been duly established, *Stanly v. Kean,* 1 N. C., p. 150, in 1 Taylor's Reports, and since the enactment of the present statute it has been consistently held that the probate of a will is a judicial act which is conclusive on the question adjudicated until vacated or declared void by a court of competent jurisdiction in a proceeding instituted for that purpose. *McClure v. Spivey,* 123 N. C., 678; *Holt v. Ziglar,* 163 N. C., 390; *Starnes v. Thompson,* 173 N. C., 466; *Mills v. Mills,* 195 N. C., 595; *In re Will of Cooper,* 196 N. C., 418; *Moore v. Moore,* 198 N. C., 510. It is said that "fraud is not a ground of collateral attack, as the identity, validity, and sufficiency of the instrument propounded as the last testamentary act of the deceased is the very question determined." *Edwards v. White,* 180 N. C., 55. Judgment

Affirmed.