MISSOURIA WELLS ET AL. v. WILLIAM E. ODUM ET AL.

(Filed 12 July, 1933.)

**Wills D h—Evidence of probate of will in common form is incompetent in caveat proceedings.**

The probate of a will in common form without citation to those in interest "*to see the proceedings*" C. S., 4139, is an *ex parte* proceeding and not binding on caveators upon the issue of *devisavit vel non* raised in their direct attack upon the validity of ·the will, and the admission in evidence in the caveat proceedings of the order of probate constitutes reversible error.

APPEAL by caveators from *Harris, J.,* at November Term, 1932, of CRAVEN.

Issue of *devisavit vel non,* raised by a caveat to the will of Minnie L. Odum, based upon want of genuineness and lack of due execution of paper-writing propounded.

The propounders in assuming the burden of proving the genuineness and due execution of the alleged will, offered in evidence, over objection of caveators, (1) letters testamentary; and (2) order of clerk entered at the time the paper-writing was probated in common form. The record states this evidence was offered in corroboration of the clerk's testimony. The clerk had previously testified that he issued the letters testamentary, but not that he entered the order of probate.

There was a verdict finding the paper-writing propounded to be the last will and testament of the alleged testatrix, and from the judgment entered thereon, the caveators appeal.

*H. P. Whitehurst and R. A. Nunn for propounders.*
*D. H. Willis and Ward & Ward for caveators.*

STACY, C. J. Is the probate of a will in common form competent as evidence of its validity on an issue of *devisavit vel non,* raised by a caveat filed to said will? The answer is, No. *Dickens v. Bonnewell,* 168 S. E. (Va.), 610.

The paper-writing in question was offered for probate in common form without citation to those in interest "to see proceedings." *Benjamin v. Teel,* 33 N. C., 49; *Redmond v. Collins,* 15 N. C., 430. This is permissible under our practice, C. S., 4139, *et seq.,* and when thus probated in common form, even though the proceeding be *ex parte,* such record and probate is made conclusive as evidence of the validity of the will, until it is vacated on appeal or declared void by a competent tribunal, C. S., 4145, and is not thereafter subject to collateral attack. *In re Will of Rowland,* 202 N. C., 373, 162 S. E., 897.

But a caveat is a direct attack upon the will. The proceeding in common form before the clerk is *ex parte,* and, therefore, not binding upon the caveators, as they were not parties. *In re Will of Chisman,* 175 N. C., 420, 95 S. E., 769; *Mills v. Mills,* 195 N. C., 595, 143 S. E., 130.

If it should be held that the order of the clerk adjudging the will to be fully proved in common form is "conclusive in evidence of the validity of the will" (C. S., 4145) on the issue of *devisavit vel non,* raised by a caveat filed thereto, then the requirement that the propounders shall, upon such issue, prove the will *per testes* in solemn form (*In re Will of Chisman, supra*), would seem to be wholly unnecessary, and no caveat filed after probate in common form could ever be sustained. *In re Will of Rowland, supra.*

Hence, for the error in admitting the probate in common form as competent evidence on the issue of *devisavit vel non,* raised by a caveat filed to the will in question, the caveators are entitled to a new trial, and it is so ordered.

New trial.