IN THE MATTER OF THE WILL OF STELLA NEAL.

(Filed 31 January, 1947.)

**1. Wills § 15—**

A paper writing admitted to probate in common form as the last will and testament of the deceased stands until declared void by a competent tribunal and, until so set aside, stands as against unprobated paper writings previously executed by deceased. G. S., 31-19.

**2. Wills § 17—**

Where propounders offer for probate separate and inconsistent paper writings successively executed by deceased, and the clerk admits the one executed last in point of time as constituting the last will and testament of deceased revoking all prior wills, and propounders do not prosecute an appeal from the clerk's refusal to admit the prior instruments to probate,

upon caveat to the paper writing probated, caveators are not entitled to an order that the prior paper writings be admitted to probate for the purpose of attacking all of the paper writings in the one action.

APPEAL by propounders from *Harris, J.,* at April Term, 1946, of FRANKLIN.

Motion to amend caveat so as to include other paper writings which purport to be prior wills of Stella Neal, deceased, to the end that the entire issue of *devisavit vel non* may be determined in one proceeding.

On 13 November, 1944, four paper writings, without subscribing witnesses, purporting to be dated respectively, 1 May, 1940, marked Exhibit "D," 4 January, 1943, marked Exhibit "C," 10 April, 1943, marked Exhibit "B," 12 June, 1943, marked Exhibit "A," each purporting to be the last will and testament of Stella Neal, deceased, was offered for probate in the office of the clerk, Franklin Superior Court, and the clerk being of opinion that the last paper writing in point of time, Exhibit "A," constituted the last will and testament of the deceased and revoked all prior wills, admitted the same to probate, and declined to admit the three prior instruments to probate. From this ruling the propounders excepted and gave notice of appeal to the judge of the Superior Court, but no further action seems to have been taken on this appeal.

Thereafter, on 24 February, 1945, a caveat was filed to the paper writing, marked Exhibit "A" and admitted to probate as the last will and testament of Stella Neal, deceased.

At the April Term, 1946, Franklin Superior Court, the caveators asked to amend their caveat so as to include the paper writings, marked Exhibits "B," "C" and "D," to the end "that the question of testacy or intestacy of the said Stella Neal, deceased, may be determined in this proceeding or action."

On the hearing of the motion, the cause was remanded to the clerk with instructions that Exhibits "B," "C" and "D" be admitted to probate, and the caveators were allowed to amend their caveat as prayed.

From this ruling the propounders, Watch Tower Bible and Tract Society and Mary Jane Hinton, appealed, assigning errors.

*John F. Matthews and Charles P. Green for propounders, appellants.*
*E. C. Bulluck and Malone & Malone for caveators, appellees.*

SCHENCK, J. The order of the Superior Court must be vacated for two reasons: First, the correctness of the clerk's action in refusing to probate Exhibits "B," "C" and "D" was not before the court, as the propounders had either abandoned their appeal or were not pressing it; and, second, no one is now propounding any of the three paper writings

marked Exhibits "B," "C" and "D" as the last will and testament of the deceased.

Nor are the caveators asking that they be probated as "wills." *In re Will of Westfeldt,* 188 N. C., 702, 125 S. E., 531. In the caveat it is alleged that each of said paper writings is "inconsistent with the paper writing" presented to the clerk, marked Exhibit "A," and probated as the last will and testament of the deceased; and, further, that each paper writing is "inconsistent with all the other paper writings." *In re Will of Wolfe,* 185 N. C., 563, 117 S. E., 804. The real purpose of the caveators is "to set them up and knock them down." Sufficient unto the day are the problems thereof. Up to now no one is sponsoring their probation as wills. Why try an anticipatory cause of action which may never arise? *Hathaway v. Hathaway,* 91 N. C., 139; *In re Bailey,* 180 N. C., 30, 103 S. E., 896.

Moreover, the paper writing last in point of time, marked Exhibit "A," has been admitted to probate in common form as the last will and testament of the deceased. It is provided by G. S., 31-19, that "Such record and probate is conclusive in evidence of the validity of the will, until it is vacated on appeal or declared void by a competent tribunal." *Holt v. Ziglar,* 163 N. C., 390, 79 S. E., 805. Of course, the order of the clerk adjudging the paper writing, marked Exhibit "A," to be fully proved in common form is not "conclusive in evidence of the validity of the will," under this section, on the issue of *devisavit vel non,* raised by the caveat filed thereto. *Wells v. Odum,* 205 N. C., 110, 170 S. E., 145. But as between the probated instrument and the prior purported wills, the former stands until "declared void by a competent tribunal." *Mills v. Mills,* 195 N. C., 595, 143 S. E., 130. Until so set aside, it is presumed to be the will of the testatrix. *In re Will of Cooper,* 196 N. C., 418, 145 S. E., 782.

Error and remanded.