This was a proceeding to probate a paper-writing propounded by Lelia Wilson as a later will of Minnie Stowe Puett, alleged to have been executed subsequent to one theretofore probated as the last will and testament of the decedent, heard below on appeal from orders of the Clerk of the Superior Court of Gaston County.
The procedural steps by which this matter has come to this Court for decision may be stated in chronological order as follows: Minnie Stowe Puett (widow of W. B. Puett) having died, on 29 May, 1945, a paper-writing purporting to be her last will and testament was duly admitted to probate in the manner prescribed by the statute. By this will the testatrix devised the bulk of her considerable estate in trust to the American Trust Company, Trustee, for the charitable purposes therein fully set out. The will was dated 12 May, 1944.
On 2 May, 1947, Lelia Wilson offered for probate as the last will and testament of Mrs. Puett the following paper-writing: "Feb. 23, 1945. I will and bequeath everything I have to Lelia Wilson. (Signed) Minnie Stowe Puett. Mrs. W. B. Puett." On 7 July, 1947, after hearing the evidence, the Clerk found that this paper was entirely in the handwriting of Mrs. Puett, and "that the said will was found in a book belonging to the said Minnie Stowe Puett, and which said book was handed or given to Lelia Wilson by Minnie Stowe Puett, and the said will was found in said book by Lelia Wilson after the death of Minnie Stowe Puett." Thereupon the Clerk adjudged that the said paper-writing was the last will and testament of Minnie Stowe Puett, and further declared that the purported last will and testament of decedent probated 29 May, 1945, was "null and void." The American Trust Company, Executor and Trustee, excepted to this order and appealed to the Superior Court in term. *Page 10 
On 21 November, 1947, George W. Stowe and others, representatives of the beneficiaries under the will probated 29 May, 1945, filed a petition before the Clerk that the proceeding be reopened, and that the Clerk's order of 7 July, 1947, admitting the alleged second will to probate, be revoked, for that the order was improvidently entered, and without notice to petitioners, and further that the probate of the will of 29 May, 1945, not having been vacated on appeal or declared void by competent tribunal was conclusive as to the validity of said will. The executor, after notice, joined in the petition and prayed that the order referred to be set aside. On 29 November, 1947, the Clerk entered order allowing the petition, and revoking the order of 7 July, 1947. Lelia Wilson excepted and appealed to the Superior Court.
At December Term, 1947, of Gaston Superior Court Judge Pless rendered judgment as follows:
"The court hereby affirms said order of the Clerk dated November 29th, (1947), but in doing so is of the opinion that this order does not preclude the appellant Lelia Wilson from seeking the probate by her at proper proceedings before the Clerk and after notice to all parties, heirs and legatees, and an opportunity to each of them to be heard.
"To the extent that the order of the Clerk dated July 7, 1947, to which the American Trust Company, Executor and Trustee, noted exception dated July 12, 1947, is in conflict with the ruling in the paragraph above, the said order of July 7th is reversed."
From this judgment Lelia Wilson appealed, and from so much of the judgment as expressed the court's opinion "that this order does not preclude the appellant Lelia Wilson from seeking the probate of the paper-writing sought to be propounded by her in proper proceedings before the Clerk," the American Trust Company, Executor, and George W. Stowe and others appealed.
APPEAL OF LEILA WILSON.
The testamentary disposition of property is governed by statute. In order that a paper-writing, so designed, may effectuate this purpose it must have been executed and proven in strict compliance with the statutory requirements. G.S., 31-3, 31-18. When executed, proven *Page 11 
and recorded in manner and form as prescribed, it is given conclusive legal effect as the last will and testament of the decedent, subject only to be vacated on appeal or declared void by a court of competent jurisdiction in a proceeding instituted for that purpose. Crowell v. Bradsher, 203 N.C. 492,166 S.E. 331. "Until so set aside it is presumed to be the will of the testator." In re Neal, 227 N.C. 136, 41 S.E.2d 90. The statute, G.S., 31-19, prescribes that "such record and probate is conclusive in evidence of the validity of the will until it is vacated on appeal or declared void by a competent tribunal." This language of the statute has been given effect by numerous decisions of this Court. In re Hine,228 N.C. 405, 45 S.E.2d 526; In re Neal, 227 N.C. 136, 41 S.E.2d 90;In re Smith, 218 N.C. 161, 10 S.E.2d 676; Whitehurst v. Hinton,209 N.C. 392, 184 S.E. 66; Wells v. Odum, 205 N.C. 110, 170 S.E. 145;Crowell v. Bradsher, 203 N.C. 492, 166 S.E. 331; In re Rowland,202 N.C. 373, 162 S.E. 897. The will thus probated and recorded may not be collaterally attacked. Edwards v. White, 180 N.C. 55, 103 S.E. 901;Wells v. Odum, 205 N.C. 110, 170 S.E. 145; In re Rowland, 202 N.C. 373,162 S.E. 897. It constitutes a muniment of title. Whitehurst v.Abbott, 225 N.C. 1, 33 S.E.2d 129.
But the conclusive effect of probate and record thus declared does not deprive probate courts of the power, in proper instances and on motion and due notice, to set aside proof of a will in common form, "where it is clearly made to appear that their adjudications and orders have been improvidently granted, or the court has been imposed upon or misled." In reMeadows, 185 N.C. 99, 116 S.E. 257; In re Johnson, 182 N.C. 522,109 S.E. 373; Mills v. Mills, 195 N.C. 595, 143 S.E. 130; In re Smith,218 N.C. 161, 10 S.E.2d 676; In re Hine, 228 N.C. 405,45 S.E.2d 526.
However, in the case at bar, there is no allegation that the probate of the will of Mrs. Puett on 29 May, 1945, was otherwise than in strict accord with the statute, nor is there suggestion that the court was imposed upon or misled. Hence the validity of the will may be attacked only by direct proceeding in the nature of a caveat. G.S., 31-32. In re Little,187 N.C. 177, 121 S.E. 453. In such case, as was said by Chief JusticeStacy in In re Rowland, 202 N.C. 373, 162 S.E. 897, "It is immaterial whether those appearing and protesting call themselves interveners, objectors, or caveators" if they place themselves in opposition to the propounders. By a caveat legal rights are put in stake. Whitehurst v.Abbott, 225 N.C. 1, 33 S.E.2d 129.
It follows that the will of Mrs. Puett probated 29 May, 1945, may not be declared null and void on motion before the Clerk. May this be done *Page 12 
solely upon proffered proof of a later will? We think not. The decisions of this Court on the subject support this view.
In In re Cooper, 196 N.C. 418, 145 S.E. 782, it appeared that a will, devising the estate to one person, was duly probated, and that subsequently another purported will, of later date, giving the estate to another, was also probated. No caveat was filed to the first will, but a caveat to the second was filed. The jury decided the second will was a forgery. This Court found no error in the trial, but in the opinion written by Justice Connor, it was said that in view of the verdict the Court did not discuss whether or not this proceeding was a collateral attack upon the probate and record of the first will. The opinion concluded with this statement: "Whether a will which has been duly probated in common form and recorded as the last will and testament of the testator can be vacated and rendered void by the probate of another paper-writing, subsequently executed, by the testator, as his last will and testament, is not presented by this appeal." Repeated reference to a question not raised in the appeal indicates its seriousness in the minds of the Court.
In In re Smith, 218 N.C. 161, 10 S.E.2d 676, Smith's will, dated 1921, was probated in 1938. In 1939 a supplemental will or codicil was propounded as a holographic will, and was probated as such. Thereafter beneficiaries under the first will moved to set aside the probate of the second will because the paper was not entirely in the handwriting of testator, and had been erroneously and improvidently probated. The Clerk allowed the motion, but on appeal the Judge of the Superior Court reversed, on the ground that the Clerk was without authority after having probated the paper. This Court reversed the judge, citing In re Meadows, 185 N.C. 99,116 S.E. 257. In Hyatt v. Hyatt, 187 N.C. 113, 120 S.E. 830, in the trial of an issue of devisavit vel non there was some evidence of a later will, and the court's charge to the jury that the burden was on the caveators to show that there was another will which revoked the former one, was approved on appeal. In the case of In re Neal, 227 N.C. 136,41 S.E.2d 90, four paper-writings were offered for probate, designated as Exhibits A, B, C, and D, in inverse order of date. The Clerk held Exhibit A revoked all prior wills and probated it, and declined to probate the others. Propounders appealed to the Judge. Pending appeal caveat was filed to Exhibit A. Later, caveators moved to amend caveat to include B, C, and D. The cause was by the Judge remanded to the clerk to probate B, C, and D, and to permit amendment of caveat as prayed. This Court said that the paper-writing Exhibit A. having been admitted to probate in common form, such record was conclusive evidence of its validity, until vacated or declared void, and though not conclusive against a caveat, as between the probated instrument and the other purported wills the former stood *Page 13 
until declared void by a court of competent jurisdiction. Until set aside it was presumed to be the last will of the testator.
In the recent case of In re Hine, 228 N.C. 405, 45 S.E.2d 526, Hine's will, designated A, and two codicils B and C were all three admitted to probate in common form. Subsequently caveat was filed to the second codicil C, and the cause transferred to the Superior Court. Later, motion was made before the Clerk by those claiming under C that the entire record be expunged and the original will A and codicil C be re-probated as the testator's last will and testament. The clerk finding the original probate had been erroneously and improvidently entered, set it aside and probated the will and second codicil nunc pro tunc. On appeal to the Superior Court the order of the Clerk was affirmed. This Court held that the will and codicils having been originally probated in the manner prescribed by statute, the record and probate were conclusive evidence of the validity of the will until vacated on appeal or declared void by competent tribunal. G. S., 31-19. It was also held that a caveat having been filed, which constituted a direct attack on the validity of the will, and the cause having been transferred to the Superior Court in term for trial before a jury, all proceedings were suspended, and neither the Clerk nor the Judge on appeal had power to set aside the probate in common form. It was said in the opinion by Justice Winborne that while the Clerk had power in proper case to set aside a probate in common form, this power "does not extend to the setting aside of a probate of a will in common form upon grounds which should be, and in this case are, raised by caveat."
We think the authorities cited support the view that where a will has been duly probated, the record affords conclusive evidence of its validity, until vacated by appeal, or declared void by a court of competent jurisdiction in a proceeding instituted for that purpose, and that the offer of proof of a will alleged to have been subsequently executed, without more, is not a direct but a collateral attack on the validity of the will. It is only by a caveat or proceeding in that nature that the validity of a properly probated will, and one without "inherent or fatal defect appearing on its face" (Edwards v. White, 180 N.C. 55,103 S.E. 901) may be brought in question. To hold otherwise would be productive of confusion and uncertainty. McClure v. Spivey,123 N.C. 678, 31 S.E. 857.
The contention that the procedure the appellant Lelia Wilson has here pursued is authorized by G.S., 28-31, cannot be sustained. That section appears in the chapter in the General Statutes on Administration, and is primarily directed to the settlement of estates, specifically empowering the Clerk to revoke letters of administration or testamentary upon proof of a will, and does not purport to outline the procedure in the probate of a will, or determine its effect. See Shober v. Wheeler, 144 N.C. 403,57 S.E. 152; In re Suskin, 214 N.C. 219, 198 S.E. 661. *Page 14 
It is also contended that, since the appeal of the American Trust Company, Executor, from the Clerk's order of 7 July, 1947, was pending in the Superior Court at the time the Clerk undertook to enter the subsequent order of 29 November, 1947, the Clerk was functus officio and without power to make the order, citing In re Hine, 228 N.C. 405. Undoubtedly it is a rule of appellate procedure that an appeal suspends further proceedings in the cause in the court from which the appeal is taken. Vaughan v. Vaughan,211 N.C. 354 (361), 190 S.E. 492; Likas v. Lackey, 186 N.C. 398,119 S.E. 763. But we do not think this rule can help the appellant here, for the reason that Judge Pless in his judgment considered the appeal of the American Trust Company from the order of 7 July, 1947, and reversed the action of the Clerk, to the extent said order was in conflict with the Judge's affirmance of the order of 29 November, 1947.
Since we think the court below ruled correctly on both appeals from the Clerk which he considered, it is unnecessary to determine the question whether, as contended by the appellees on this appeal, the evidence and findings of the Clerk were insufficient to support the probate in common form of the paper-writing dated 23 February, 1945, as a holographic will. G.S., 31-18; In re Bennett, 180 N.C. 5, 103 S.E. 917; McEwan v. Brown,176 N.C. 249, 97 S.E. 20. The fact that the beneficiaries under the first will were not given notice of the probate of the paper-writing dated 23 February, 1945, affords no ground of complaint (In re Rowland,202 N.C. 373, 162 S.E. 897; In re Chisman, 175 N.C. 420, 95 S.E. 769), but that the order was erroneously and improvidently entered, as herein pointed out, justified its revocation.
After careful consideration of all the questions presented by the appeal of Lelia Wilson, we conclude that the judgment below in the respects of which she complains, should be upheld.
APPEAL OF AMERICAN TRUST COMPANY, EXECUTOR, AND GEORGE W. STOWE AND OTHERS.
The appeal of these appellants is based upon their exception to the incorporation in the judgment of Judge Pless of his opinion that his ruling against Lelia Wilson on her appeal from the Clerk's order of 29 November, 1947, "does not preclude the appellant Lelia Wilson from seeking the probate of the paper-writing sought to be propounded by her at (by) proper proceedings before the Clerk."
Doubtless Judge Pless, by including this clause in his judgment, merely desired to express the opinion that Lelia Wilson was not precluded by his judgment from hereafter attempting to set up in proper proceedings the paper-writing under which she claims. But the language used is susceptible of the interpretation, which might be regarded as *Page 15 
binding by other judges, that the procedure she had undertaken to pursue was proper, and that a collateral attack on the probated will was authorized. For that reason we think the judgment should be modified by striking therefrom the expression of opinion to which exception was noted.
On appeal of Lelia Wilson: Affirmed.
On appeal of American Trust Company, Executor, and George W. Stowe and others: Reversed.