IN THE MATTER OF THE WILL OF AMANDA ETHERIDGE, DECEASED.

(Filed 1 March, 1950.)

**Wills § 23a—**

The probate of the will in common form is incompetent evidence in a caveat proceeding, even for the purpose of corroborating witnesses for propounder.

APPEAL by caveator, Fanny Etheridge Dough, from *Halstead, Special Judge,* at August Term, 1949, of DARE.

Civil action, an issue of *devisavit vel non,* raised by caveat filed to a paper purporting to be the written will of Amanda Etheridge, deceased, with witnesses, admitted to probate in common form upon the oath and examination of the two subscribing witnesses. G.S. 31-18.

On retrial in the Superior Court, pursuant to decision of this Court on former appeal, reported in 229 N.C. 280, 49 S.E. 2d 480, both the propounders and caveator offered evidence.

Propounders first offered the testimony of three witnesses tending to show the execution of the paper writing propounded as the last will and testament of Amanda Etheridge, Exhibit A. Two of the witnesses, A. C. Stratton and Nell H. Johnson, purport to be, and testified that they were witnesses to the execution of the said paper writing by Amanda Etheridge. The testimony of the third, Robert H. Atkinson, tended to identify the paper writing as the one signed by Amanda Etheridge.

Then "for purposes of corroboration propounders offered the probate of Exhibit A in common form identified as propounders' Exhibit B," and entitled "Probate of Will," consisting of the joint affidavit of the subscribing witnesses, Nell H. Johnson and A. C. Stratton, and the order of the Clerk of Superior Court adjudging that "the said paper writing and every part thereof is the last will and testament of Amanda Etheridge, deceased," and ordering it, together with the probate, to be recorded and filed. The caveator objected. Overruled. Exception 17. Other evidence was offered both by caveators and by propounders.

The case was submitted to the jury upon the same four issues which were submitted on the trial from which former appeal was taken. The jury answered all the issues favorably to propounders, and from judgment sustaining the will as propounded, the caveator Fanny Etheridge Dough appeals to Supreme Court and assigns error.

*Worth & Horner for caveator, appellant.*
*Martin Kellogg, Jr., and John H. Hall for propounders, appellees.*

WINBORNE, J. Of the numerous exceptions appearing in the record on this appeal, and purporting to have been taken by caveator, the ap-

pellant, during the progress of the trial in Superior Court, and assigned as error, the seventeenth exception is well taken. It has setting similar to an exception considered and passed upon in *Wells v. Odum,* 205 N.C. 110, 170 S.E. 145. What is said there applies here.

In the *Wells case,* as the record on appeal there shows, the propounders offered in evidence "proof of the witnesses of the will and the probate of the Clerk" to which caveators objected. The objection was overruled and caveators excepted, and, on appeal to this Court, based an assignment of error on the exception so taken. The record there also shows that "propounders offered this evidence for the purpose of corroborating" the two subscribing witnesses to the will, and the Clerk of Superior Court, all of whom were witnesses for the propounders. And this Court, treating the subject of this exception thus presented, in opinion by *Stacy, C. J.,* gave a negative answer to the question "Is the probate of a will in common form competent as evidence of its validity on an issue of *devisavit vel non* raised by a caveat filed to said will?"

In the *Wells case,* as here, the paper writing in question was offered for probate in common form without citation to those in interest "to see proceedings," *Benjamin v. Teel,* 33 N.C. 49,—a permissible practice under G.S. 31-12, formerly C.S. 4139, *et seq.,*—and when thus probated in common form, even though the proceeding be *ex parte,* such record and probate is, by statute G.S. 31-19, made "conclusive in evidence of the validity of the will until it is vacated on appeal or declared void by a competent tribunal," and, under decisions of this Court, is not thereafter subject to collateral attack. *In re Will of Rowland,* 202 N.C. 373, 162 S.E. 897.

Also in the *Wells case,* it is further declared that "a caveat is a direct attack upon the will" and that "the proceeding in common form before the Clerk is *ex parte,* and, therefore, not binding upon the caveators, as they were not parties," citing *In re Will of Chisman,* 175 N.C. 420, 95 S.E. 769, and *Mills v. Mills,* 195 N.C. 595, 143 S.E. 130. And the Court continued by saying: "If it should be held that the order of the Clerk adjudging the will to be fully proved in common form as 'conclusive in evidence of the validity of the will' (C.S. 4145, now G.S. 31-19) on the issue of *devisavit vel non,* raised by a caveat filed thereto, then the requirement that the propounders shall, upon such issue, prove the will *per testes* in solemn form (*In re Will of Chisman, supra*) would seem to be wholly unnecessary, and no caveat filed after probate in common form could ever be sustained," citing *In re Will of Rowland, supra.*

The contention of propounders, appellees, that it was incumbent on the caveator, in making the objection, to request that the exhibit be admitted only for the purpose for which it is competent, and having failed to do so, her general objection to its admission will not be sustained on appeal.

Under ordinary circumstances this rule would apply. But in case such as that under consideration, it was the duty of the trial judge, even *ex mero motu,* to exclude the order of probate, because of the effect given to it for certain purposes, but manifestly not for use in evidence on the issue of *devisavit vel non.*

Hence, as was said in the *Wells case, supra,* "for the error in admitting the probate in common form as competent evidence on the issue of *devisavit vel non,* raised by a caveat filed to the will in question, the caveator is entitled to a new trial."

Other matters to which exceptions are taken may not recur upon another trial, and need not now be considered.

New trial.