Hamilton Blackburn left this country for Europe some time about 1795 or 1796, constituting the said Josiah Collins his agent and attorney, and has never been heard of since. No letters of administration had been taken on his estate by the said Collins or any other person until November term of Bertie County Court, in 1813. Simon Turner, agent and attorney for the trustees of the University of North Carolina, applied for and obtained letters of administration on said estate, and filed a bill against said Collins for an account of said Blackburn's estate. The said Collins, in his answer, acknowledged himself greatly debtor to Blackburn, but afterwards applied to the county court of Chowan for, and obtained, letters of administration on his estate, and now files his petition to rescind the letters granted to Turner, as having been improperly granted by the county court of Bertie.
On the trial in the county court, the justices decided that the letters were properly and rightfully granted, and refused to rescind them; from *Page 394 
which judgment Henry W. Long, Esq., the attorney employed by said Collins to file the petition, prayed an appeal, and entered into bond, signing himself as attorney for Josiah Collins, and the bond being filled out in the name of H. W. Long, as attorney as aforesaid.
At October Term, 1815, of Bertie Superior Court of law this case coming on to be heard, the presiding judge ordered the same to be transmitted to the Supreme Court for their determination, on the following points, viz.:
1. Whether or not the county court of Bertie had authority or could properly grant letters of administration on said Blackburn's estate, it being admitted that said Blackburn was an inhabitant of and resided in the town of Edenton and the county of Chowan before and at the time of his departure from this country.
2. Whether the court would interfere, and set aside the aforesaid (543) letters in favor of the petitioner, when it evidently appears that the said petitioner is not the proper person to whom administration should be granted.
3. Whether the appeal was properly taken, the bond being filled out in the name of Henry W. Long as attorney for Josiah Collins, and signed by him, said Long, as attorney as aforesaid, without producing any authority for doing so — the defendant Turner having moved to dismiss the appeal on the aforesaid grounds.
Three points are submitted for the opinion of this Court. On the first we are of opinion that the county court of Bertie had no authority to grant the letters of administration to the defendant, or any other person, as the intestate, Blackburn, never was a resident of that county; and the act of Assembly of 1789, ch. 23, sec. 1, requires letters of administration to be granted by the court where the person dying usually resided.
Secondly. We think, as the letters of administration granted by the county court of Bertie were void, and not voidable, there was no necessity to trouble the courts with the petition seeking to set aside that which in law is a nullity.
If administration be granted by an incompetent authority, as by a bishop, when the intestate had not bona notabilia, or by an archbishop, of effects in another province, it is void. Hard. 216; Tol., 90.
For the above reasons we are of opinion the petition should be dismissed. It is unnecessary to decide the last point.
Cited: Johnson v. Corpenning, 39 N.C. 220; Hyman v. Gaskins, 27 N.C. 273;London v. R. R., 88 N.C. 588; Springer v. Shavender, 118 N.C. 46;Reynolds v. Cotton Mills, 177 N.C. 423.
Dist.: Smith v. Monroe, 23 N.C. 348. *Page 395 
(544)