Ruffin, C. J.
 

 With the land, the personal representative has no concern. The will creates no trust respect
 
 *219
 
 ing it; and upon the death of the widow, it went directly to the remainder-men. As to that, therefore, the bill would have to be dismissed,
 

 Upon the second point, the rul® is clear, that, like specific legacies, the slaves, given in the residue, vested by the assent of the executors in the tenant for life and the remainder-men. Theré are several decided cases in this Court on the question; but it is only necessary to refer to
 
 Smith
 
 v.
 
 Barham, 2
 
 Dev. Eq. 420, and the late case of
 
 Etheridge
 
 v.
 
 Bell,
 
 5 Ired. 87, as they are directly in point. Therefore, the plaintiff, as administrator, could have .no redress, even supposing Nelson A- Strange sold the negro and converted the price to his own use.
 

 It may be that Nelson A. Strange might be liable, because as an executor he did not attempt to sell the other articles constituting the residue, so that the tenant for life should have the interest of the fund, instead of allowing her to consume the articles. Without considering the effect on his liability, of the fact that the widow was also executrix, and was as much entitled as he was to the possession of the assets, and to assent to the lega? cy to herself, but supposing that he might be chargeable therefor, yet it is dear, that he ought not to be chargeable to the plaintiff in the first instance, if it be true that the executrix and tenant for life had the sole benefit of those articles, and left assets to more than their value, which haye come to the plaintiff’s hands, as her administrator. That would be a proper subject for an enquiry, which would he directed, if a result thereof favorable to the plaintiff could possibly enable him to maintain this suit. But, as the Court thiixks that could not be, on the ground that will be next mentioned, it is useless to direct the enquiry,
 

 The fourth objection is to the validity of the grant of administration to the plaintiff; which goes to the whole bill, Upon that, the Acts of Assembly of 1777 and 1789, N'eu
 
 St. c.
 
 46,
 
 s.
 
 1, and c. 122,
 
 s.
 
 6, are decisive. They '
 
 *220
 
 require wills to be proved, and letters testamentary and letters of administration to be granted in the Court of the County where the testator or intestate resided at the time of his death. If dtfinc in any other Court, in case the party deceased had a residence in this State, it is void.
 
 Collins
 
 v.
 
 Turner,
 
 No. Ca. T. R. 105;
 
 Smith
 
 v.
 
 Munroe,
 
 1 Ired. 345. Besides, it is a contradiction and absurdity, after the probate of a will in one Court, that another Court should pretend to grant a probate thereof do another person named therein an executor, or receive the renunciation of such person, and grant, to yet another, administration
 
 cum testamento annexo.
 
 For such grants consist of a copy of the will, as proved, and the acts thereon of the Court taking the proof, officially certified. 1
 
 Wms. Ex’or.
 
 158; and that cannot come from any Court but that which has the custody of the original. When, therefore, the bill states that the Court of Henderson granted to the plaintiff letters of administration « with the will annexed,” it states that which cannot possibly be true ; and, unless it were true, the plaintiff could not institute this suit.
 

 The bill must therefore be dismissed, and costs to each defendant.
 

 Per Curiam.
 

 Decree accordingly.