Pearson, J.
 

 1st. The defendant excepts, btecause the will <of Bratcher was admitted as evidence, on the ground of the insufficiency of the probate. The minute entered of the ■probate, is: “ The will of Roger Bratcher, proved by Henry ■Sikes. Executor Thomas Bratcher qualified; ordered, that letters issue.” This entry is very informal, but we think it is sufficient, by the aid of the rule
 
 omnia prcesumnntur rite esse acta,
 
 to show that the will was duly proven.
 

 Every Court, where the subject matter is within its jurisdiction, is presumed to have done all that is necessary to give force and effect to its proceedings, unless there be something on the face of the proceedings to show to the contrary. This must be the rule, -unless we adopt the conclusion, that the Court is unfit for the business which by , law is confided to it. Beckwith v. Lamb, 13 Ired. 400.
 
 *116
 
 The will is sent as a part of the case. It shows upon its face, that there were two subscribing witnesses, of whom Henry Sikes was one, so wo must presume that ho was duly sworn, and proved its execution by the testator, and that the other witness and himself subscribed it as witnesses in the presence of the testator. There is nothing to show to the contrary, and the inference is, that the Court knew how to take the probate of a will, and saw that it was properly done. The presumption is strengthened in this case, by the fact, that the property has been enjoyed under it ever since the year IT84. In some cases, it is held, that long enjoyment is, of itself, sufficient proof of an ancient document.
 

 2nd. The defendant excepts, because there was no registration or order for registration at September Term, 1811, when the report of the Commissioners, 'who were appointed to divide the land of Matthew Stephens, was returned and confirmed. This difficulty was removed by the subsequent proceedings-. The power of the Court to amend its record, and the effect of the amendment when made, is settled. Philips v. Higdon, Busbee 380; Galloway v. McKeithen, 5 Ired. 12.
 

 3rd. The defendant excepts, because there was no judgment against John Stephens; for the judgment is for the penalty of the bond, without. stating the amount. The pleadings show that the penalty was $500; the minute of the judgment* is, therefore, sufficiently formal, and is aided by the rule,
 
 id oertum est'
 
 He also excepts, because the judgment w'as taken against John Stephens, who was an infant, and appeared by attorney, and he might also have excepted because the judgment; being upon a bond with a condition, there should have been an entry at the foot, that the execution was to be satisfied by the payment -of damages and costs. These objections, however, were not-open to the defendant, and could only be taken advantage-of, by a writ
 
 *117
 
 of error. The judgment, although erroneous,, is of full force and effect until it be reversed.
 

 4th. The defendant excepts,, because the execution did not correspond with the judgment in this: the one is in the name of John F. Smith, Chairman, &e.,; the other omits the name of John E. Smith, and' simply says, “which the Chairman,5' &c. “ lately in our said Court recovered,” &c. This variance is cured by the act of 1848. Green v. Cole, 13 Ird. 425; Rutherford v. Raburn, 10 Ird. 144.
 

 5th. The defendant excepts, because the Court refused to decide whether the line.of Oglesby terminated at H or at P, and left that as a question of fact to the jury. What are the boundaries in a tract of land is a matter of construction, and should be decided by the Court. Where the boundaries are, is a question of fact. Hurley v. Morgan, 1 Dev. and Bat. 425; Tatem v. Paine, 4 Hawks, 64.
 

 For this error the defendant would be entitled to-a
 
 venire de novon
 
 unless the jury, in finding that the line terminated at H, have decided the question correctly : for, if so, 'the result is the same as if it had been so decided by the Court, and the error is thus cured by the verdict. State v. Craton, 5 Ired. 163. It is agreed that the deed to Oglesby begins at S and runs to M it then- runs along the line of Lydia Guard’s patent line, and Roger Bratcher’s patent line, and terminates at H, or runs on to P'; then North to the patent lines, and with them to the beginning. From M, the call of the deed is westerly along Lydia Guard’s patent line and Roger Bratcher’s, so
 
 far as the corner
 
 of the
 
 second
 
 lot, of the piece of land drawn by Daniel Stephens, i.n the division of Matthew Stephens’s land, being the two pieces drawn by Sally Stephens a'nd William Stephens; then along that division line to the patent line of Roger Bratcher ; then along that line to the first station.
 

 In running from M w.estwardly, you come to the corner of lot 2 at H, and the question is, do you stop there, or go on
 
 *118
 
 to P ? H is tbe first corner of lot 2 that yon come to; but it is insisted that you must go on to P, the other corner of lot 2, for otherwise the lot drawn by William Stephens will not be included, as the deed requires. Here is a discrepancy, and of course there must be some mistake, and the question is, can the mistake be pointed out by competent evidence so as to explain this discrepancy, and give effect to the deed? We think the mistake is clearly shown to be this: either the parties used the word Daniel, when they meant William, and
 
 vice versa;
 
 or else they supposed lot 2 had been drawn by Daniel, whereas lot 3 had been drawn by him, and lot 2 by William.
 

 The division is referred to in the deed: by reference to it, it appears that the .land was divided into five lots,'beginning at lot 1, and going East to lots 2, 3 4, 5; and that lot 1 was drawn by Joseph, lot 2 by William, lot 3 by Daniel, lot 4 by Sally, and lot 5 by Matthew. So the mistake is explained upon the face of the division which is referred to by the deed. Again: if H is the terminus, then a line North and then East to the beginning includes two lots or pieces, which corresponds with the deed; but if P is the terminus, then running to the beginning will include
 
 three
 
 lots or pieces, and contradict the deed. Again : the call is along the patent line
 
 so far as the corner
 
 of the second lot. Upon what principle can you pass this corner which you come to first, and go on to the other corner of lot 2 ? These considerations point out the mistake, and put it beyond all question that H is the terminus. Our conclusion, that Daniel wras used b^ mistake instead of William, and so
 
 vice
 
 versa, and that the mistake does not affect the validity of the deed, is fully supported by the cases, in which it is held that, where the call of the first line was
 
 South,
 
 and of the third line
 
 North,
 
 the one word may, by competent evidence, be shown to have been used instead of the other, as where it is shown by marked lines and natural boundaries, about which
 
 *119
 
 there is less apt to be a mistake than in writing one word for another; and where it was allowed to be shown that a tract of land was situated on the
 
 West
 
 side of a creek, ah though the deed described it as lying on the
 
 Hast
 
 side of the ereek. Houser v. Belton, 10 Ired. 358.
 

 Judgment affirmed,'