IN THE MATTER OF THE ESTATE OF NANCY S. DAVIS, Deceased

No. 7028SC260

(Filed 6 May 1970)

**1. Wills § 9— probate jurisdiction — direct or collateral attack**

Unless the record of the probate proceedings in the estate of a deceased person affirmatively shows a lack of jurisdiction, an assault upon the proceedings for lack of jurisdiction must be made directly.

**2. Wills § 9— probate of a will — failure to make finding as to domicile or residence of deceased — direct or collateral attack**

Failure of the clerk of superior court to make a specific finding in the order of probate as to the domicile or residence of deceased does not show that the clerk lacked jurisdiction over deceased's estate so that the probate can be ignored or collaterally attacked.

APPEAL by The Northwestern Bank, Asheville, N. C. and Dr. Mark A. Griffin, Jr., from *Grist, J.*, 8 December 1969 Session, BUNCOMBE Superior Court.

This is a controversy over whether the Clerk of Superior Court of Iredell County has jurisdiction of the administration of the estate of Nancy S. Davis, or whether the Clerk of Superior Court of Buncombe County has jurisdiction of the administration of the said estate.

For some time prior to 24 September 1965, Nancy Smith Davis maintained her personal dwelling house on Race Street, Statesville, in Iredell County, N. C. On 24 September 1965 she conveyed this dwelling by deed, and did not thereafter own or acquire a personal dwelling in Iredell County. From 1960 until her death, Nancy Smith Davis regularly employed Mr. Robert A. Collier of Statesville, Iredell County, as her attorney.

From 1960 until her death, Nancy Smith Davis occupied a room and lived at Appalachian Hall, a private hospital in Asheville, Buncombe County, N. C. She had a library card issued to her by Pack Memorial Public Library, Asheville, whereon her residence was listed as Appalachian Hall.

Nancy Smith Davis died at Appalachian Hall, Asheville, Buncombe County, on 4 July 1969. On 8 July 1969 the Clerk (Iredell) admitted to probate a paper writing without subscribing witnesses, dated 30 May 1948, purporting to be the Last Will and Testament of Nancy S. Davis. On 17 July 1969 the Clerk (Buncombe) admitted to probate as the Last Will and Testament of Nancy S. Davis a paper writing dated 26 April 1965, and on the same day (17 July 1969) the Clerk (Buncombe) issued letters testamentary to The Northwestern Bank (Northwestern) as executor. On 21 August 1969 the Clerk (Iredell) issued letters of administration to North Carolina National Bank as administrator c.t.a.

At some time between 11 September 1969 and 2 October 1969, North Carolina National Bank, Administrator, c.t.a.; the James W. Davis Trust Fund; Davis Memorial Baptist Church; the Davis Hospital Relief Fund; and Davis Hospital, Inc. (N.C.N.B., et al) filed a motion with the Clerk (Buncombe) seeking to vacate and annul the probate in that court and to vacate and annul the letters testamentary issued thereon to Northwestern upon the grounds that the Clerk (Iredell) had first acquired jurisdiction of the administration of the estate of Nancy Smith Davis. Following a hearing on this motion the Clerk (Buncombe) entered his order, dated 13 November 1969, making findings of fact which are partially summarized above. In this order the Clerk (Buncombe) found that the residence and domicile of Nancy S. Davis, at the time of her death, was in Buncombe County, that she had no residence or domicile in Iredell County, and therefore the Clerk (Buncombe) had acquired jurisdiction of the administration of said estate; he thereupon denied the motion to vacate and annul the probate in his office. From this order of the Clerk (Buncombe), N.C.N.B., et al, appealed to the Judge.

From the Clerk's (Buncombe) findings that Nancy Smith Davis had died 4 July 1969; that a paper writing purporting to be her Last Will and Testament had been admitted to probate by the Clerk (Iredell) on 8 July 1969; and that a paper writing purporting to be the Last Will and Testament of Nancy Smith Davis had been admitted to probate by the Clerk (Buncombe) on 17 July 1969, Judge Grist concluded as a matter of law that the Clerk (Iredell) had first acquired jurisdiction of the administration of the said estate. He there-

upon reversed the order of the Clerk (Buncombe) and vacated, annulled, and set aside the probate by the Clerk (Buncombe) and the letters testamentary issued by the Clerk (Buncombe) to Northwestern. From the Judge's order Northwestern and Dr. Mark A. Griffin, Jr. (the primary beneficiary under the paper writing probated in Buncombe) appealed to this Court.

*Van Winkle, Buck, Wall, Starnes & Hyde, by Herbert L. Hyde, for The Northwestern Bank, Asheville, N. C., appellant.*

*Shuford, Frue & Sluder, by Gary A. Sluder, for Dr. Mark A. Griffin, Jr., appellant.*

*Jordan, Wright, Nichols, Caffrey & Hill, by Welch Jordan and Edward L. Murrelle, for North Carolina National Bank; Davis Memorial Baptist Church; the Trustees of the Davis Hospital Relief Fund; and Davis Hospital, Inc., appellees.*

BROCK, J.

At this point in the controversy the only evidence which has been offered (there are no agreed or stipulated facts) is some untranscribed evidence offered at the hearing before the Clerk (Buncombe), on 21 October 1969.

There are numerous unestablished facts argued in the briefs of the parties, and numerous unestablished facts alleged in the motion filed with the Clerk (Buncombe), but at this point we are not at liberty to accept them as correct. Therefore we have only summarized certain pertinent facts which were found by the Clerk (Buncombe).

All parties, in their briefs, treat Exhibit B. which was attached to the motion filed by N.C.N.B., et al, with the Clerk (Buncombe), as being a true and exact copy of the order of probate entered by the Clerk (Iredell) on 8 July 1969. The following is the first paragraph of the order of probate as set out in the said exhibit:

"A paper writing, without subscribing witnesses, purporting to be the last well and testament of Nancy S. Davis, deceased, is exhibited for probate in open court by Dr. J. S. Holbrook, Chairman Board, James W. Davis Foundation, one of the executors therein named; and it is thereupon proved by the oath and examination of Miss Elizabeth Hill that the said will was found among the valuable papers and effects of the said Nancy S. Davis after her death, at the Davis Hospital."

There is no finding at any place in the order of probate by the

Clerk (Iredell) that Nancy S. Davis died a resident of or domiciled in Iredell County, and appellants contend the failure to so find is fatal to the Clerk (Iredell) acquiring jurisdiction of the administration. It is appellants' contention that, in the absence of a finding of residence or domicile, lack of jurisdiction appears on the face of the record and that the Iredell probate can be ignored or attacked collaterally.

In support of this contention appellants cite *Collins v. Turner*, 4 N.C. 541; *Smith v. Munroe*, 23 N.C. 345; *Johnson v. Corpenning*, 39 N.C. 216; *London v. R. R.*, 88 N.C. 584; *Springer v. Shavender*, 118 N.C. 33, 23 S.E. 976; *Reynolds v. Cotton Mills*, 177 N.C. 412, 99 S.E. 240; *In re Estate of Cullinan*, 259 N.C. 626, 131 S.E. 2d 316.

In *Collins, Smith, Johnson, London, Reynolds,* and *Cullinan,* the Supreme Court was considering appeals from direct, not collateral, attacks on probates; and, therefore, upon their facts, these cases do not support appellants' contention. In *Springer* the Supreme Court was considering an attempted administration of the estate of a living person, and held the entire administration to be void *ab initio;* this ruling, of course, does not support appellants' contention.

"Every court, where the subject-matter is within its jurisdiction, is presumed to have done all that is necessary to give force and effect to its proceedings, unless there be something on the face of the proceedings to show to the contrary. This must be the rule, unless we adopt the conclusion that the Court is unfit for the business which by law is confided to it." *Marshall v. Fisher*, 46 N.C. 111. "Jurisdiction is presumed when the contrary does not appear on the record." *Reynolds v. Cotton Mills, supra.* "[W]here a probate has no inherent or fatal defect appearing upon its face, the judgment of the court having full jurisdiction of the matter, cannot be indirectly or collaterally attacked, but the assault upon it must be made in the court where the judgment admitting the will to probate was rendered, and in accordance with the statutory provisions enacted for such purpose." *Edwards v. White*, 180 N.C. 55, 103 S.E. 901.

[1, 2]     We are of the opinion, and so hold, that the failure of the Clerk (Iredell) to add the words "late of the county of Iredell" after the name of the deceased, or his failure to make some specific finding as to her domicile or residence in the order of probate, did not thereby create a showing of lack of jurisdiction in Iredell County so as to entitle appellants to ignore or collaterally attack the Iredell probate. Unless the record of the probate proceedings in the estate of a deceased person affirmatively shows a lack of jurisdiction, an assault upon it for lack of jurisdiction must be made directly.

Appellants have filed in this Court a "demurrer ore tenus and motion to dismiss" the motion filed with the Clerk (Buncombe) by N.C.N.B., et al, on the grounds that the said motion does not "contain a statement of facts sufficient to constitute a cause of action," and on the grounds that the said motion "does not state a claim upon which relief can be granted."

The parties do not argue and we do not decide three procedural questions raised by appellants' "demurrer ore tenus and motion to dismiss." They are: (1) is it proper to demur to a motion; (2) are appellants bound by Chap. 1A of the General Statutes, effective 1 January 1970; and (3) if so, can the question of failure to state a claim upon which relief can be granted be raised for the first time on appeal? See G.S. 1A-1, Rule 12(h)(2). We do not decide these questions because, in any event, appellants' "demurrer ore tenus and motion to dismiss" is again an undertaking to attack collaterally the probate in Iredell County. We have decided that a collateral attack is improper.

Appellants are free, if so advised, to proceed directly in Iredell County.

Affirmed.

BRITT and GRAHAM, JJ., concur.