IN THE MATTER OF THE ESTATE OF NANCY S. DAVIS, Deceased

No. 29

(Filed 14 October 1970)

1. Wills § 9— probate of will — subsequent offer of another document for probate — collateral attack upon probate of first document
   Where a document has been admitted to probate as the last will and testament of a decedent, the subsequent offer to the same or another court of another document for probate as a later and, therefore, the last will and testament of the decedent is a collateral attack upon the probate of the first document.

2. Wills § 9— collateral or direct attack on probate
   A judgment or decree admitting a will to probate, when made by a court having jurisdiction thereof, may be attacked only in such direct

**In re Davis**

proceedings as are authorized by statute and may not be attacked or impeached in a collateral proceeding; conversely, if the record of the probate proceeding shows affirmatively upon its face that the court had no jurisdiction to enter the order of probate and issue letters testamentary, its order so doing is void and may be attacked collaterally.

**3. Clerks of Court § 3; Wills § 9— probate jurisdiction of clerk**

A clerk of the superior court has jurisdiction to probate a will only in accordance with the applicable statute.

**4. Wills § 9— irregularities in probate proceeding — showing by evidence outside record — insufficiency for collateral attack on probate**

A showing, by evidence outside the record of the probate proceeding, of irregularities in the proceeding and of errors by the clerk in his findings of fact or in his failure to follow the probate procedure prescribed by statute, will not subject the order of probate and the issuance of letters testamentary to collateral attack.

**5. Wills § 9— probate of will — failure of record to show jurisdiction in clerk — presumption of jurisdiction — collateral attack on probate**

Mere failure of the record of the probate proceeding to show jurisdiction in the clerk is not sufficient to subject his order to collateral attack since, in the silence of the record, it is presumed that the jurisdictional facts were present and found.

**6. Wills § 9— probate jurisdiction of clerk — domicile and residence in different counties**

If testatrix, at death, was domiciled in one county and also had a place of residence in another county, her will could lawfully be probated in either of those counties, nothing else appearing. G.S. 28-2.

**7. Wills § 9— probate of will — resident of this State — necessity for domicile or residence in county of probate**

Where testatrix was domiciled in and resided in this State at the time of her death, it is an essential to the jurisdiction of a clerk who undertakes to admit a document to probate as her will and to issue letters testamentary that she was either domiciled in or had a place of residence in the county of such clerk at the time of her death.

**8. Wills § 9— probate of will — exclusive jurisdiction of clerk over the estate — effect of subsequent presentation of later will**

If the clerk of court of a particular county had authority to admit a document to probate as decedent's will, his jurisdiction over decedent's estate became exclusive through the exercise of that authority and the subsequent discovery and presentation of another document, executed later, as the last will of the decedent would not deprive such clerk of the exclusive jurisdiction previously acquired.

**9. Wills § 9— will as part of record of probate proceeding**

The document probated as the will of decedent is part of the record of the probate proceeding.

10. Wills § 9—collateral attack on probate of will — failure of clerk to make finding as to domicile or residence of decedent — failure of record to show lack of jurisdiction in clerk because of such domicile or residence

The record of a probate proceeding in Iredell County, consisting of the will, the order of probate and the letters of administration, does not show upon its face that the Clerk of Superior Court of Iredell County had no jurisdiction because of the residence or domicile of the decedent, where the order of probate contained no finding or statement as to the residence of decedent, the will recites that decedent was of Iredell County, and the letters of administration referred to decedent as "late of said County."

11. Wills § 9— testatrix predeceased by only person named as executor — application for probate — person interested in the estate

Where the only executor named in a will has died before the testator, G.S. 31-13 does not require another person "interested in the estate" to wait sixty days before applying to the clerk for the probate of the will.

12. Wills § 9— collateral attack on probate of will — failure of record to show that document was presented for probate by unauthorized person

Order of probate reciting that the document probated was exhibited for probate by "Dr. J. S. Holbrook, Chairman Board, James W. Davis Foundation, one of the executors therein named," whereas the document probated names as executor only decedent's late husband, Dr. James W. Davis, does not affirmatively show that Dr. J. S. Holbrook was not a "person interested in the estate," and therefore, does not show affirmatively that the document was presented for probate by a person not authorized by G.S. 31-13 to do so.

13. Wills § 9— probate of will — jurisdiction of clerk — lapse or invalidity of dispositions in the will

The fact that a devise and bequest of all of the property of the testatrix has lapsed, due to the death of the devisee-legatee, and that a gift over cannot be given effect does not make the document and the order admitting it to probate void upon the face thereof.

14. Wills § 9— collateral attack on probate of will — offer of subsequent will for probate in another county — jurisdiction to determine domicile and residence of decedent

Where it does not affirmatively appear upon the face of the record of a probate proceeding in Iredell County that the clerk of that county did not have jurisdiction to probate a document as the will of decedent, the clerk's order admitting the will to probate and his issuance of letters of administration cannot be collaterally attacked by the offer for probate in Buncombe County of a later will, and the Clerk of Superior Court of Iredell County is the only court which can determine whether or not decedent was domiciled in or had a place of residence in Iredell County at the time of her death.

In re Davis

**15. Wills § 9— lack of jurisdictional requirements for probate — revocation of probate**

When jurisdictional requirements for probate are shown to be lacking, the clerk may revoke his order admitting a document to probate.

Justices HIGGINS and HUSKINS took no part in the consideration or decision of this case.

CERTIORARI to review decision of the Court of Appeals reported in 7 N.C. App. 697.

On 8 July 1969, a document purporting to be the holograph will of Nancy S. Davis was admitted to probate in Iredell County by order of the Clerk of the Superior Court. This paper, hereinafter called the Iredell will, dated 30 May 1948, recites that Nancy S. Davis was of Iredell County. The order admitting it to probate contains no finding or statement as to the residence of Mrs. Davis.

On 17 July 1969, a document purporting to be the attested will of Nancy S. Davis was admitted to probate in Buncombe County by the order of the Assistant Clerk of the Superior Court. This document, hereinafter called the Buncombe will, dated 26 April 1965, states that Mrs. Davis was "of Buncombe County." The petition for its probate states that she was "late of said county" and died on or about 4 July 1969. The order admitting it to probate states that the order was entered upon due consideration of recited proofs and examinations of subscribing witnesses "to a paper writing, purporting to be the Last Will and Testament of Nancy S. Davis, deceased, late of Buncombe County."

On 17 July 1969, letters testamentary were issued by the Assistant Clerk of the Superior Court of Buncombe County to the Northwestern Bank, the executor named in the Buncombe will. These letters testamentary recite that it had been "satisfactorily proven to the undersigned, clerk of the Superior Court for Buncombe County, that Nancy S. Davis late of said County, is dead, having made her last Will and Testament, which has been admitted to Probate * * *."

On 21 August 1969, letters of administration with the will annexed were issued by the Clerk of the Superior Court of Iredell County to the North Carolina National Bank. These letters recited that it had been satisfactorily proven to the Clerk of the Superior Court of Iredell County that "Nancy Smith Davis late

of said County is dead, having made and published a last will and testament * * *."

The Iredell will devises and bequeaths to Dr. James W. Davis all the property of the testatrix and then provides that if he should not be living at her death all of her property "shall go to the James W. Davis Trust Fund in the American Trust Company Charlotte North Carolina under the terms and conditions of this trust fund."

At the time of the death of Mrs. Davis, there was in existence a trust fund held by the North Carolina National Bank, Trustee, successor to American Trust Company. This trust was established by an agreement, dated 15 February 1945, between Dr. James W. Davis and the American Trust Company. This trust agreement retained in the settlor the power to revoke, alter or amend it at any time during his life, which he did twice, neither the agreement nor either amending document being in the handwriting of Nancy S. Davis. Dr. James W. Davis, husband of Nancy S. Davis, died in 1955.

On 22 February 1961, Nancy S. Davis was adjudged by the Clerk of the Superior Court of Iredell County to be "a mentally disordered person and incompetent from want of understanding to manage her own affairs by reason of such mental disorder" and a guardian was appointed for her.

On 25 February 1965, the Clerk of the Superior Court of Iredell County adjudged Nancy S. Davis to be restored to her normal mental faculties and capable of understanding and managing her affairs. The petition of Nancy S. Davis, pursuant to which this order of restoration of sanity was entered, stated, "She has at all times maintained a residence in Iredell County, North Carolina, but at the present time, she is temporarily living at Appalachian Hall in Buncombe County, North Carolina."

On 19 March 1965, Nancy S. Davis executed a trust agreement with the Northwestern Bank in which she was designated as "Mrs. Nancy Smith Davis, of Iredell County, North Carolina."

On 24 September 1965, Nancy S. Davis executed a deed conveying land in Iredell County, which deed designates her as "Nancy S. Davis, a widow, of Iredell County, North Carolina." This deed was acknowledged by her before a notary public in Buncombe County.

In re Davis

On or about 11 September 1969, North Carolina National Bank, Administrator, c.t.a., appointed to execute the Iredell will, filed with the Clerk of the Superior Court of Buncombe County its motion to vacate, annul and set aside the issuance by such clerk of the letters testamentary to the Northwestern Bank, as executor of the Buncombe will, and to vacate and set aside the order admitting the Buncombe will to probate.

The motion alleges Nancy S. Davis died 4 July 1969 while a patient at Appalachian Hall in Asheville, Buncombe County, North Carolina. It alleges the issuance of the orders admitting the above documents to probate and the issuance of letters as above shown, the several orders being attached to the motion as exhibits. It alleges the creation and amendment of the James W. Davis Trust Fund, the above mentioned documents with reference thereto being attached to the motion as exhibits. It alleges the filing and entry of the above mentioned petitions and orders with reference to the mental competency of Nancy S. Davis, the documents with reference thereto being attached to the motion as exhibits. It alleges that from 5 October 1960 until her death on 4 July 1969, Nancy S. Davis was at no time in possession of her normal mental faculties or capable of understanding and managing her own affairs. The motion further alleges that Nancy S. Davis "was at all times from her marriage in 1930 until her death on July 4, 1969, solely domiciled in Iredell County, and that she never acquired or had any domicile in Buncombe County or in any other state or county, and that her presence in Buncombe County was at all times a temporary presence in her status as a mental patient in Appalachian Hall * * *." By reason of these facts, the motion alleged that the above mentioned order of 17 July 1969 by the Assistant Clerk of Buncombe County granting letters testamentary to the Northwestern Bank as executor of the Buncombe will was void.

On 13 November 1969, the Clerk of the Superior Court of Buncombe County heard the motion and entered his order denying and dismissing it. In the order he made numerous findings of fact, including the entry of the above mentioned orders admitting to probate the Iredell will and the Buncombe will and issuing letters testamentary and letters of administration, c.t.a., with reference thereto. He found Nancy S. Davis to have been mentally competent to select a domicile of her choice and to be free from disability to do so from 25 February 1965 to 4 July 1969, and that from 25 February 1965 to the date of her death she resided at Appalachian Hall, Buncombe County. He further

found various facts with reference to her actions, including the execution of the above mentioned deed, dated 24 September 1965, by which she conveyed her dwelling house in Statesville, Iredell County, and her movement of personal furniture and belongings to the room occupied by her at Appalachian Hall in Buncombe County. Upon the facts so found, he concluded that Nancy S. Davis was "at the time of her death domiciled solely and only in Buncombe County, North Carolina, and was a resident solely and only of Buncombe County, North Carolina," and that he, the Clerk of the Superior Court of Buncombe County, acquired "sole and exclusive jurisdiction over the estate of Nancy S. Davis, deceased, with the issuance of Testamentary Letters to Northwestern Bank on July 17, 1969 * * *."

North Carolina National Bank, Administrator, c.t.a., under the Iredell will, appealed to the Superior Court of Buncombe County. The matter came on for hearing before Judge Grist. He found as facts that the entry, on 8 July 1969, of the above mentioned order of the Clerk of the Superior Court of Iredell County, admitting to probate the Iredell will, has remained in full force and effect, "no motion having heretofore been made to set aside said order and no appeal having been taken therefrom," and that, by reason of such order, the Clerk of the Superior Court of Iredell County first gained and exercised jurisdiction over the estate of Nancy S. Davis. Upon these findings of fact, Judge Grist concluded, as a matter of law, that the Clerk of the Superior Court of Iredell County acquired sole and exclusive jurisdiction over the estate of Nancy Smith Davis, the Clerk of the Superior Court of Buncombe County had no jurisdiction to enter his order of probate, dated 17 July 1969, or the letters issued to the Northwestern Bank, as executor. Upon these findings and conclusions, Judge Grist reversed the order of the Clerk and vacated and annulled the order entered 17 July 1969 admitting the Buncombe will to probate and the issuance of letters testamentary to the Northwestern Bank.

The Northwestern Bank, Executor under the Buncombe will, and Dr. Mark A. Griffin, Jr., principal beneficiary thereof, appealed to the Court of Appeals, which affirmed the judgment of the Superior Court.

*Van Winkle, Buck, Wall, Starnes & Hyde by: Herbert L. Hyde and Larry McDevitt for appellant Northwestern Bank, Executor of Nancy Smith Davis.*

In re Davis

*Shuford, Frue & Sluder for appellant Dr. Mark A. Griffin.*

*Jordan, Wright, Nichols, Caffrey & Hill and McElwee & Hall, by: Welch Jordan and Edward L. Murrelle for appellees.*

LAKE, Justice.

Upon this appeal, we do not reach and we express no opinion upon any of the following questions:

(1)   Is the Iredell will the last will and testament of Nancy S. Davis?

(2)   If so, does it incorporate by reference the trust agreement executed by Dr. James W. Davis, and the amendments thereto?

(3)   What is the effect of the Iredell will?

(4)   Is the Buncombe will the last will and testament of Nancy S. Davis?

(5)   What is its effect?

(6)   Was Nancy S. Davis, at the time of her death, domiciled in or a resident of Iredell County?

(7)   Was Nancy S. Davis, at the time of her death, domiciled in or a resident of Buncombe County?

The sole question for our determination at this time is, Did the Clerk of the Superior Court of Buncombe County have, on 17 July 1969, jurisdiction to order the Buncombe will admitted to probate and to issue letters testamentary to the Northwestern Bank?

[1, 2]   A document having been admitted to probate as the last will and testament of a decedent, the subsequent offer to the same or another court of another document for probate as a later and, therefore, the last will and testament of the decedent is a collateral attack upon the probate of the first document. *In Re Will of Puett,* 229 N.C. 8, 47 S.E. 2d 488; Wiggins, Wills & Administration of Estates in North Carolina, § 113. "It is well settled that a judgment or decree admitting a will to probate, when made by a court having jurisdiction thereof, may be attacked only in such direct proceedings as are authorized by statute, and that it is not open to attack or impeachment in a collateral proceeding." *Edwards v. White,* 180 N.C. 55, 103 S.E. 901. Accord: *Tyer v. Lumber Co.,* 188 N.C. 274, 124 S.E. 306;

*Starnes v. Thompson,* 173 N.C. 466, 92 S.E. 259; *Batchelor v. Overton,* 158 N.C. 395, 74 S.E. 20; *Fann v. R. R.,* 155 N.C. 136, 71 S.E. 81. Conversely, if the record of the probate proceeding shows affirmatively, upon its face, that the court had no jurisdiction to enter the order of probate and issue the letters testamentary, its order so doing is void and may be attacked collaterally. *Jones v. Warren,* 274 N.C. 166, 161 S.E. 2d 467; *Morris v. Morris,* 245 N.C. 30, 95 S.E. 2d 110.

[3-5] A clerk of the Superior Court has jurisdiction to probate a will only in accordance with the applicable statute. *Jones v. Warren, supra; In Re Will of Puett, supra.* However, a showing, by evidence outside the record of the probate proceeding, of irregularities in the proceeding and of errors by the clerk in his findings of fact, or in his failure to follow the probate procedure prescribed by statute, will not subject the order of probate and the issuance of letters testamentary to collateral attack. *Edwards v. White, supra,* at p. 57; *Starnes v. Thompson, supra,* at p. 470; *Fann v. R. R., supra.* It is only when the record of the probate proceeding shows affirmatively, on its face, that the clerk has no jurisdiction to enter his order that the order can be attacked in another proceeding in another court. Mere failure of the record of the probate proceeding to show jurisdiction in the clerk is not sufficient to subject his order to collateral attack since, in the silence of the record, it is presumed that the jurisdictional facts were present and found. *Edwards v. White, supra; Reynolds v. Cotton Mills,* 177 N.C. 412, 99 S.E. 240; *Starnes v. Thompson, supra,* at p. 468. "Every court, where the subject matter is within its jurisdiction, is presumed to have done all that is necessary to give force and effect to its proceedings, unless there is something on the face of the proceedings to show the contrary." *Marshall v. Fisher,* 46 N.C. 111. In the Marshall case, the minute of the probate entered by the clerk was: "The will of Roger Bratcher, proved by Henry Sykes. Executor Thomas Bratcher qualified; ordered, that letters issue." This Court said, "This entry is very informal, but we think it is sufficient, by the aid of the rule *omnia praesumuntur rite esse acta,* to show that the will was duly proven."

G.S. 28-1 provides:

"The clerk of the superior court of each county has jurisdiction, within his county, to take proof of wills and to grant letters testamentary * * * in the following cases:

"(1)    Where the decedent at, or immediately previous to, his death was domiciled in the county of such clerk, in whatever place such death may have happened.

"(2)    Where the decedent at his death had places of residence in more than one county, the clerk of any such county has jurisdiction. * * *"

**[6]**    Obviously, it is possible that Nancy S. Davis, at death, could have been domiciled in Iredell County and also had a place of residence in Buncombe County or vice versa, in which event her will might have been lawfully probated in either county, nothing else appearing. Provision is made for such a situation in G.S. 28-2 which provides, "The clerk who first gains and exercises jurisdiction under this chapter thereby acquires sole and exclusive jurisdiction over the decedent's estate."

**[7, 8]**    It is not questioned that Nancy S. Davis, at the time of her death, was domiciled in and resided in the State of North Carolina. That being true, it is well settled that her domicile or residence, at the time of her death, in the county of the clerk who undertakes to admit a document to probate as her will, and to issue letters testamentary, is essential to the jurisdiction of that clerk so to do. *In Re Estate of Cullinan*, 259 N.C. 626, 131 S.E. 2d 316; *Reynolds v. Cotton Mills, supra; Johnson v. Corpenning*, 39 N.C. 216; *Collins v. Turner*, 4 N.C. 541. Thus, if, at the time of her death, Nancy S. Davis was not domiciled in or a resident of Iredell County, the orders of the clerk of that county, admitting the Iredell will to probate and issuing letters to the administrator, c.t.a., were void and should be vacated by a court competent to do so. Conversely, if, at her death, Nancy S. Davis was either domiciled in or had a place of residence in Iredell County, the clerk of that county had authority, upon proper application and proof, to admit a document to probate as her will and, through the exercise of such authority by the admission of the documents to probate, his jurisdiction over the estate became exclusive. The subsequent discovery and presentation for probate of another document, executed later, as the last will of the decedent, would not deprive the Clerk of Iredell County of the exclusive jurisdiction previously so acquired.

**[14]**    The question for decision upon this appeal, therefore, narrows to this: Which court is now the proper court to determine whether Nancy S. Davis, at the time of her death, was domiciled in or had a place of residence in Iredell County? The above mentioned presumption compels the conclusion that the Clerk of the

Superior Court of Iredell County is the only court which can now determine this question, unless it affirmatively appears upon the face of the record of the probate proceeding before him that he did not have jurisdiction to probate the Iredell will as the will of Nancy S. Davis.

The record before us does not contain all of the evidence introduced before the Clerk of the Superior Court of Buncombe County at the hearing of the motion to vacate the order probating the Buncombe will. The order of the Clerk of the Superior Court of Buncombe County denying that motion recites that the movant presented "certain documentary evidence" and that the Northwestern Bank, in opposition to the motion, presented "certain documentary evidence and the testimony of numerous witnesses."

In his order denying the motion, the Clerk found as a fact:

"3.    On the 21st day of August, 1969, the Clerk of the Superior Court of Iredell County issued Letters of Administration, c.t.a.d.b.n., to North Carolina National Bank as Administrator, c.t.a.d.b.n., of Nancy Smith Davis, and although no certified copies of the Order of Probate were introduced into evidence, the undersigned finds that on the 8th day of July, 1969, Clerk of the Superior Court of Iredell County admitted to probate a paper writing without subscribing witnesses purporting to be the Last Will and Testament of Nancy S. Davis."

In this order the Clerk made no other finding of fact with reference to the record of the probate proceeding in Iredell. The evidence before him not being set out in full in the record before us, we presume that the above quoted finding of fact was supported by evidence admitted properly, or without objection. The parties, throughout this proceeding, have treated the finding above quoted as correct.

If we assume, as seems reasonable, that the "documentary evidence" offered before the Clerk of the Superior Court of Buncombe County by the North Carolina National Bank, Administrator, c.t.a., in support of its motion, included the exhibits attached to its motion, such evidence included the Iredell will, the order of probate thereof in Iredell County and the letters of administration, c.t.a., issued by Iredell County, which documents, so far as appears from the record before us, constituted the entire record of the probate proceeding in Iredell County.

In re Davis

**[9, 10]** It does not appear on the face of these papers that Nancy S. Davis was not domiciled in or a resident of Iredell County at the time of her death. On the contrary, the Iredell will contains the heading "North Carolina Iredell County," and its introductory paragraph states, "I, Nancy Smith Davis, of the aforesaid county and State * * * do make and declare this my Last Will and Testament." The document probated as the will of Mrs. Davis is part of the record of the probate proceeding. *Marshall v. Fisher, supra.* In *Reynolds v. Cotton Mills, supra,* the record contained the application for letters which recited that "James Scism, late of said county of Lincoln is dead, intestate, etc." This Court said: "We must take this to mean that he was domiciled in Lincoln County, and thus construed, it shows the proper domicile. The language used was not very apt, but is sufficient by fair construction to show a domicile, at least *prima facie.* * * * It results, therefore, that the direct proceeding to recall the letters was the proper one." See also, Wiggins, op. cit., *supra,* § 114. The Iredell order of probate, itself, states nothing as to the residence or domicile of Nancy S. Davis. The letters of administration, c.t.a., issued by the Clerk of the Superior Court of Iredell County, referred to Nancy S. Davis as "late of said County." Thus, there is nothing whatever upon the face of the record of the probate proceeding in Iredell County to suggest that the Clerk of the Superior Court of that county did not have jurisdiction because of the residence or domicile of the decedent.

**[11]** The appellants contend that a fatal defect appears on the face of the probate proceeding in Iredell County in that the order of probate recites that the document probated was exhibited for probate by "Dr. J. S. Holbrook, Chairman Board, James W. Davis Foundation, one of the executors therein named," whereas the document probated names as executor only the decedent's husband, Dr. James W. Davis. G.S. 31-12 provides that an executor named in a will may, at any time after the death of the testator, apply to the clerk having jurisdiction to have the document admitted to probate. G.S. 31-13 provides that if no executor so applies within sixty days after the death of the testator, any devisee or legatee named in the will, or any other person interested in the estate, may make such application upon ten days' notice to the executor. In the motion to vacate the probate order issued by the Superior Court of Buncombe County, it is alleged that Dr. James W. Davis died on 31 May 1955. Nothing in the record before us controverts this allegation. Northwestern Bank,

in its brief, states the death of Dr. Davis on that date is a matter of public record in Iredell County. Where the only executor named in the will has died before the testator, G.S. 31-13 does not require another person "interested in the estate" to wait sixty days before applying to the clerk for the probate of the will.

[12] It does not affirmatively appear upon the order of probate issued by the Clerk of the Superior Court of Iredell County that Dr. J. S. Holbrook was not a person interested in the will. It is obvious from G.S. 31-13 that this classification includes persons who are neither devisees nor legatees. It is broad enough to include even a person whose interest in the estate is in opposition to the will. *Brissie v. Craig*, 232 N.C. 701, 62 S.E. 2d 330. The designation of the person who exhibited the document for probate as "one of the executors therein named," though inaccurate, is not an affirmative showing that he was not a "person interested in the estate" and, therefore, does not show affirmatively that the document was presented for probate by a person not authorized by the statute to do so.

[13] Finally, the appellants contend that the document probated in Iredell County was, itself, invalid as a will and, therefore, the order admitting it to probate is void on its face. The Iredell will devised and bequeathed all of the testatrix' property to her husband, Dr. James W. Davis, and then provided that if he should predecease the testatrix all of the property "shall go to the James W. Davis Trust Fund * * * under the terms and conditions of this trust fund." The appellants contend that Dr. Davis having predeceased the testatrix, the only dispositive provision in the will is the gift to the James W. Davis Trust Fund, which the appellants contend cannot take effect because that trust fund was created by an instrument not in the handwriting of the testatrix and so incapable of being incorporated by reference into the document probated as a holograph will. As above stated, we do not reach upon this appeal the question of whether the Iredell will incorporates by reference the trust agreement as amended. The fact that a devise and bequest of all of the property of the testatrix has lapsed, due to the death of the devisee-legatee, and that a gift over cannot be given effect (assuming, without deciding, that this is true in this instance), does not make the document and the order admitting it to probate void upon the face thereof.

[14] Consequently, the order of the Clerk of the Superior Court of Iredell County admitting the Iredell will to probate and his

issuance of letters of administration, c.t.a., cannot be attacked collaterally but may be attacked only in a proceeding brought for that purpose before the Clerk of the Superior Court of Iredell County. By the entry of his order admitting the Iredell will to probate, he acquired full and exclusive jurisdiction not merely over the carrying out of that document but over the estate of Nancy S. Davis. G.S. 28-2. This jurisdiction continues until vacated by a direct attack thereon.

[15] The appellants, if so advised, may file their motion with the Clerk of the Superior Court of Iredell County to vacate his order admitting the Iredell will to probate on the ground that he was without such jurisdiction to enter such order because Nancy Smith Davis was, at the time of her death, domiciled in and a resident of Buncombe County only or by reason of any other circumstances which, in the opinion of the appellants, prevented the Clerk of the Superior Court of Iredell County from having jurisdiction to enter his order admitting the Iredell will to probate. When jurisdictional requirements for probate are shown to be lacking, the clerk may revoke his order admitting the document to probate. *Ravenel v. Shipman,* 271 N.C. 193, 155 S.E. 2d 484.

If the appellants succeed in this endeavor, the way is then clear for them (or those relying upon the Iredell will) to offer for probate in Buncombe County the document they assert to be the last will and testament of Nancy Smith Davis. If the appellants fail in such attack upon the jurisdiction of the Clerk of the Superior Court of Iredell County they may, if so advised, file, within the time allowed therefor, a caveat to the Iredell will upon the ground that it was revoked by the Buncombe will or upon any other ground which they deem applicable, and, if successful therein, then file the Buncombe will for probate in Iredell County.

The judgment of the Court of Appeals is affirmed.

Affirmed.

Justices HIGGINS and HUSKINS took no part in the consideration or decision of this case.