In re Estate of Overman

IN THE MATTER OF THE ESTATE OF WILLIAM OVERMAN,
DECEASED

No. 7215SC341

(Filed 28 June 1972)

1. Executors and Administrators § 4— resignation or removal of administratrix — recital in order appointing administrator d/b/n

The recital in an order purporting to appoint an administrator d/b/n that "the widow of the decedent was present, the widow having previously served as administratrix of the estate and having been fully discharged from these duties pursuant to order of this Court" did not amount to a resignation by the administratrix pursuant to G.S. 36-10, and did not constitute a removal or revocation of her letters of administration pursuant to G.S. 28-32.

2. Executors and Administrators § 4— final accounting by administratrix — subsequent appointment of administrator d/b/n

Although the administratrix of an estate had filed a final account which had been approved and confirmed, the Clerk of Court had no jurisdiction thereafter to appoint an administrator d/b/n of the estate, where the original administratrix was living and had not resigned, been removed, had her letters of administration revoked, or been otherwise discharged according to law.

3. Executors and Administrators § 4— appointment of administrator d/b/n — consent of administratrix

The fact that an administratrix purportedly agreed and consented to the appointment of an administrator d/b/n and that she did not appeal from the order purporting to appoint an administrator d/b/n does not validate the appointment of the administrator d/b/n, since jurisdiction cannot be conferred either by waiver or consent.

4. Executors and Administrators § 5— insurer sued by administrator d/b/n — standing to challenge appointment

An insurance company which was sued by an administrator d/b/n purporting to act for an estate had standing to challenge the validity of the appointment of the administrator d/b/n.

APPEAL by James B. Craven III, respondent, from *Hobgood, Judge,* September 1971 Session of Superior Court held in ORANGE County.

This is an appeal from an order of the Superior Court entered in a proceeding instituted before the Clerk of the Superior Court of Orange County by motion of Nationwide Insurance Co. (Nationwide) to vacate and set aside an order of the Clerk appointing James B. Craven III (Craven) Administrator d/b/n of the estate of William Overman (Overman). The following facts are uncontroverted: On 25 February 1966, the

Clerk duly appointed Overman's widow, Doris P. Overman, Administratrix of his estate; and on 12 October 1966, Mrs. Overman as Administratrix, filed with the Clerk a final account and:

"Order was entered that date by the Clerk providing:

'The foregoing Account has been audited by me, the vouchers submitted in support thereof examined, and the Account is hereby approved and confirmed. Let the Account, together with this Order be recorded and filed.' "

At the time of his death Overman was the defendant in a civil action wherein Stanley Wright sought to recover damages for personal injuries and on 13 October 1966, ". . . upon Petition filed by Everett, Attorney for Wright, Order was entered by the Clerk substituting Doris P. Overman, Administratrix, as Defendant in the action instituted by Wright against Overman." On 5 April 1967, a judgment in the amount of $50,000 was entered in the Superior Court of Orange County in favor of Wright against Overman's estate and the defendant gave notice of appeal. Thereafter on 30 June 1967, Nationwide paid into the office of the Clerk on the said judgment $5,000 plus interest and costs and the Administratrix executed a waiver of appeal. On 19 March 1970 upon petition of the judgment creditor and his attorney, Everett, the Clerk entered an order purporting to appoint Craven Administrator d/b/n of Overman's estate; and as such, Craven instituted suit in the United States District Court for the Middle District of North Carolina against Nationwide to recover $45,000 for the said estate. Nationwide then filed a motion before the Clerk of Superior Court for Orange County to have Craven's appointment as Administrator d/b/n vacated and set aside. On 11 March 1971, after a hearing, the Clerk made findings of fact and denied the motion. Nationwide filed specific exceptions to the Clerk's findings and order and appealed to the Superior Court. After a hearing de novo in the Superior Court, Judge Hobgood concluded that Nationwide had "status and standing" to challenge the Clerk's order purporting to appoint Craven Administrator d/b/n of Overman's estate and that the Clerk under the circumstances of this case on 19 March 1970 lacked jurisdiction to appoint an administrator d/b/n of Overman's estate.

From an order of the Superior Court reversing the Clerk's denial of Nationwide's motion to vacate and set aside Craven's

appointment and remanding the proceeding to the Clerk with directions to vacate and set aside his appointment, Craven appealed to this Court.

*Newsom, Graham, Strayhorn, Hedrick & Murray by James L. Newsom for Nationwide Insurance Company, movant, appellee.*

*Robinson O. Everett for James B. Craven III, Administrator d/b/n, respondent appellant.*

HEDRICK, Judge.

Appellant assigns as error the Court's conclusion that the Clerk did not have jurisdiction to appoint Craven as Administrator d/b/n of Overman's estate, and that Nationwide had standing to challenge his appointment. In 34 C.J.S., Executors and Administrators, § 1018, it is stated:

> "To warrant the appointment of an administrator de bonis non, it is absolutely essential that the previous incumbency should have actually ended, and, if there is no vacancy, the appointment is void for lack of jurisdiction."

In 21 Am. Jur., Executors and Administrators, § 774, it is stated:

> "To warrant the appointment of such an administrator (administrator de bonis non) the office of administrator must be vacant; a vacancy is a jurisdictional fact; an appointment of an administrator de bonis non when there is no vacancy is absolutely void and may be so declared, even in a collateral proceeding."

In *Edwards v. McLawhorn*, 218 N.C. 543, 11 S.E. 2d 562 (1940), Justice Winborne, speaking for the North Carolina Supreme Court, said:

> "The general rule is that, after an executor or administrator is appointed and qualified as such, his authority to represent the estate continues until the estate is fully settled, unless terminated by his death, or resignation, or by his removal in some mode prescribed by statute, or unless the letters be revoked in a manner provided by law.
>
> It is also an established principle of law that to warrant the appointment of an administrator de bonis non, or de

bonis non, cum testamento annexo, the office of administrator or executor must be vacant. Vacancy is a jurisdictional fact, and an appointment of either an administrator de bonis non, or an administrator de bonis non, cum testamento annexo, when there is no such vacancy is absolutely void, and may be so declared, even in a collateral proceeding."

Appellant contends that the discharge of Mrs. Overman as the administratrix of her husband's estate was "validly accomplished" by the order of the Clerk dated 19 March 1970, purporting to appoint Craven as Administrator d/b/n. We do not agree.

[1-3]   There is nothing in this order to suggest that the Clerk did anything more than attempt to appoint Craven Administrator d/b/n. The recital in the order that " . . . the widow of the decedent [was] present, the widow having previously served as Administratrix of the estate and having been fully discharged from these duties pursuant to order of this Court" does not amount to Mrs. Overman's resignation as Administratrix pursuant to G.S. 36-10 nor to her removal and revocation of her letters of administration pursuant to G.S. 28-32. The principle that every court, where the subject matter is within its jurisdiction, is presumed to have done all that is necessary to give force and effect to its proceedings has no application in this case where the record affirmatively shows that the original administratrix, duly appointed by the Clerk, was living, had not resigned, had not been removed, had not had her letters of administration revoked, or had not been otherwise discharged according to law. *In re Davis,* 277 N.C. 134, 176 S.E. 2d 825 (1970) ; *Marshall v. Fisher,* 46 N.C. 111. The fact that Mrs. Overman purportedly agreed and consented that an Administrator d/b/n be appointed and that she did not appeal from the order purporting to appoint Craven as such administrator, does not validate Craven's appointment since jurisdiction may not be conferred by either waiver or consent. *High v. Pearce,* 220 N.C. 266, 17 S.E. 2d 108 (1941) ; *Springer v. Shavender,* 118 N.C. 33, 23 S.E. 976 (1896).

[4]   The suggestion that Nationwide does not have "status or standing" to challenge Craven's appointment is meritless, since "any party interested or affected by a void judgment may attack it collaterally, in a proper case, or by a direct proceeding to have it stricken from the record as a nullity." *Reynolds v.*

*Cotton Mills,* 177 N.C. 412, 99 S.E. 240 (1919). Obviously, Nationwide, having been sued by Craven purporting to act in behalf of Overman's estate, has a clear right to inquire as to whether plaintiff is entitled to sue.

We hold that the office of administrator of Overman's estate was not vacant on 19 March 1970, and the Clerk had no authority to appoint Craven as Administrator d/b/n. The judgment of the Superior Court is

Affirmed.

Judges BROCK and MORRIS concur.